819 P.2d 990

The STATE of Arizona, Appellee,

v.

Kevin Eugene EVERHART, Appellant.

No. 2 CA–CR 90–0029.

Court of Appeals of Arizona,
Division 2, Department B.

May 14, 1991.

Supplemental Opinion on Motion for
Reconsideration June 27, 1991.

Review Denied Nov. 19, 1991.*

* Cameron and Corcoran, JJ., of the Supreme    Court, voted to grant review.

al conduct with a minor under the age of 15, all class 2 felonies. The state also filed an allegation of prior convictions pursuant to A.R.S. § 13–604(H) and (K) and an allegation that the offenses were dangerous crimes against children pursuant to A.R.S. § 13–604.01.

Pursuant to a plea agreement, appellant entered a guilty plea to one count of attempted child molestation, a dangerous crime against children in the second degree occurring on or about April 18, 1987, in exchange for the dismissal of the indictment and the allegation of prior convictions. The trial court accepted the plea and imposed a maximum sentence of 15 years in prison, to run consecutively to a federal sentence appellant was then serving. The trial court also ordered that appellant be placed on lifetime probation upon his release from prison.

On appeal, counsel has filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969), and appellant has filed a supplemental brief. The issues raised pertain solely to sentencing. Counsel argues that the imposition of lifetime probation was unlawful and that the imposition of a consecutive sentence violates appellant's constitutional protection against double jeopardy. Appellant argues that 1) the trial court erred in advising him at the change-of-plea hearing that probation was not available; 2) the trial court impermissibly used his "prior prison" record as an aggravating factor; 3) the trial court's finding of severe emotional trauma to the victim as an aggravating factor was unsupported by the findings or the evidence; 4) the trial court failed to consider mitigating factors; 5) the imposition of a consecutive sentence was excessive and constituted cruel and unusual punishment; 6) the trial court was biased against appellant because of his homosexuality; 7) the trial court applied the wrong statutes in sentencing appellant; and 8) appellant received ineffective assistance of counsel. For the reasons set forth below, we affirm in part and vacate in part.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Barbara M. McLaughlin, Phoenix, for appellee.

Law Office of James S. Alexander by James S. Alexander, Tucson, for appellant.

## OPINION

HOWARD, Presiding Judge.

Appellant was indicted on three counts of child molestation and seven counts of sexu-

## I. *Imposition of Lifetime Probation*

A.R.S. § 13–604.01, which governs sentencing of persons convicted of committing a dangerous crime against children, provides in subsection I in part as follows:

If the person is convicted of any dangerous crime against children in the second degree the court, in addition to any term of imprisonment imposed or in lieu of the term if probation is otherwise authorized, may order that the person convicted be supervised on probation or on parole after release from confinement on such conditions as the court or board of pardons and paroles deems appropriate for any term up to the rest of the person's life.

Counsel argues that, because the maximum term of imprisonment was imposed in this case, the additional imposition of lifetime probation is in effect the imposition of lifetime parole because no unexpired term will remain to be served, and therefore, the sentence is unconstitutional. *See State v. Wagstaff*, 164 Ariz. 485, 794 P.2d 118 (1990). Although the lifetime probation provision was upheld by the supreme court in *State v. Lyons*, 167 Ariz. 15, 804 P.2d 744 (1990), that case involved a defendant who was convicted of two dangerous crimes against children and was sentenced to a term of imprisonment on one offense and lifetime probation on the second; it is, therefore, factually distinguishable. We agree that the trial court erred in imposing lifetime probation, although for different reasons than those urged by counsel.

■ Because A.R.S. § 13–604.01 does not provide a special definition for the term "probation," we give it its ordinary meaning. A.R.S. § 1–213; *State v. Limpus*, 128 Ariz. 371, 625 P.2d 960 (App.1981). Probation is the suspension of sentencing for such period and upon such terms as the trial court deems appropriate within the statutory parameters. *See* A.R.S. § 13–901(A); *State v. Risher*, 117 Ariz. 587, 574 P.2d 453 (1978). Thus, in the ordinary situation, a trial court may order that a convicted defendant be placed on probation if authorized in lieu of imposing a prison term; probation may not be ordered on the same offense in addition to a term of imprisonment. Upon violation of the conditions of probation, the trial court may revoke probation and then impose a sentence on the original conviction as authorized by the applicable statutes.

■ Nothing in the language of § 13–604.01 reveals a legislative intent to utilize the term "probation" other than in its commonly accepted sense, much less to create different probation procedures. We therefore construe the statute to authorize probation in lieu of, and not in addition to, the imposition of sentence on one offense. Such a construction not only harmonizes this statute with other provisions of the criminal code but also avoids the constitutional problems found in *Wagstaff.* Accordingly, the trial court erred in imposing lifetime probation in addition to the sentence of imprisonment, and we modify the sentence to delete the order of probation.

## II. *Consecutive Sentences*

Counsel next argues that the trial court's order that the sentence in this case run consecutively to the federal sentences appellant was currently serving violates the prohibition against double punishment set forth in A.R.S. § 13–116. Analysis of this argument requires a brief presentation of the facts underlying the state and federal convictions.

According to the presentence report, including appellant's own statement, appellant met the victim in March of 1987 as an umpire for the victim's Little League team. Shortly thereafter, numerous sexual encounters occurred. The victim was having problems with his mother and stepfather, and appellant called the victim on April 26 to tell him that he was leaving town. The victim complained that his mother had hit him. Appellant picked up the victim and took him camping on Mt. Lemmon. Appellant then drove the victim down from the mountain and, while the victim slept, drove to California where appellant was arrested on April 27.

Appellant was convicted in federal court of kidnapping and transportation of a minor for sexual purposes and received con-

current sentences of 20 and 10 years, respectively. Pursuant to the plea agreement in this case, appellant pled guilty to attempted child molestation occurring "[o]n or about the 18th day of April, 1987." Counsel argues that, because both the federal and state offenses involved the same victim and occurred during "a continuous sequence of events over a short period of time," consecutive sentences are impermissible under § 13–116. *State v. Viramontes*, 163 Ariz. 334, 788 P.2d 67 (1990), and *State v. Gordon*, 161 Ariz. 308, 778 P.2d 1204 (1989).

Extended discussion of this issue is not required as the record clearly shows none of the three factors set forth in *Gordon* and *Viramontes* has been met here. The offenses occurred more than one week apart; thus, the evidence necessary to support the state conviction pertains to conduct completed more than a week prior to the conduct supporting the federal convictions. Not only was it factually possible to complete either charge without committing the other, that is exactly what happened here. Finally, it cannot be disputed that the kidnapping of the victim caused him to suffer an additional risk of harm beyond that inherent in the attempted child molestation. The trial court did not err in imposing a consecutive sentence.

## III. *Availability of Probation*

■ In his supplemental brief, appellant argues that the trial court erred in advising him at the change-of-plea hearing that probation was not available when, under A.R.S. § 13–604.01, the trial court had the authority to place him on probation. We note that appellant does not request that he be permitted to withdraw from his guilty plea but only seeks resentencing. In any event, the trial court's advice was not erroneous because the plea agreement expressly provided that probation was not available.

## IV. *Aggravating and Mitigating Factors*

### 1. Prior record.

■ Appellant claims that the trial court erred in relying on his "prior record" to aggravate the sentence. Because his only "prior record" was the federal convictions for which he was then serving a sentence, appellant claims that the use of these convictions was impermissible under A.R.S. § 13–702(D)(11). The law is otherwise. *See State ex rel. Collins v. Superior Court*, 142 Ariz. 280, 689 P.2d 539 (1984).

### 2. Severe Emotional Trauma.

■ Appellant contends that there is no evidence in the record to support the trial court's finding as an aggravating circumstance the severe emotional trauma resulting to the victim, save the presentence report which was based on a similar report prepared in connection with his federal convictions and impermissibly released for use by the probation officer in this case. The presentence report clearly contains sufficient evidence from which the trial court could conclude that the victim had indeed suffered severe emotional trauma as a result of his repeated molestation by appellant. The presentence report states that the federal report was provided by "the defendant." There is nothing in the record before us to indicate that the report was either improperly disclosed or utilized by the probation department. We find no error.

### 3. Mitigating Factors.

■ Appellant argues that the trial court erred in failing to state that it had considered any mitigating factors, that there were such factors and that the trial court was obligated to investigate them further before imposing sentence. The court stated that it had reviewed the presentence report and we presume that the trial court considered all relevant factors. *State v. Winans*, 124 Ariz. 502, 605 P.2d 904 (App. 1979). There is nothing in the record before us to indicate that the trial court did not fulfill its responsibilities prior to sentencing appellant.

## V. *Excessive Sentence; Cruel and Unusual Punishment*

■ Most of appellant's claims in this regard are based on issues resolved above.

Contrary to his argument, the trial court was not required to set forth its reasons for imposing a consecutive sentence, which is mandatory under A.R.S. § 13–604.01(J). The fact that consecutive sentencing was not expressly permitted under the plea agreement does not render the sentence contrary to the plea agreement.[1] Finally, we believe that appellant's argument that the sentence constitutes cruel and unusual punishment has been answered by this court's prior decisions in *State v. Byrd*, 160 Ariz. 282, 772 P.2d 1135 (App.1988), and *State v. Crego*, 154 Ariz. 278, 742 P.2d 289 (App.1987).

## VI.  *Bias of Trial Judge*

■■■ Appellant claims that he was prejudiced by the trial court's demonstrated bias toward homosexuals.  No objection was raised in the trial court, however, and the issue may not be presented for the first time on appeal.  *State v. Munoz*, 110 Ariz. 419, 520 P.2d 291 (1974);  *State v. Carpenter*, 1 Ariz.App. 522, 405 P.2d 460 (1965).

## VII.  *Applicable Sentencing Statutes*

To the extent that we can discern appellant's argument, he appears to claim that the trial court erred in utilizing the provisions of A.R.S. § 13–702 in aggravating the sentence.  However, this is precisely what the trial court is directed to do by § 13–604.01(G).

## VIII.  *Ineffective Assistance of Counsel*

Many of appellant's claims of ineffective assistance of counsel are resolved by our disposition of the substantive issues discussed above.  The remaining claims involve factual issues outside the record on appeal which must be addressed in the first instance to the trial court through post-conviction proceedings.  *See State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989).

We have reviewed the entire record for fundamental error and, except as noted, have found none.  The judgment of conviction and the sentence, as modified, are affirmed.

FERNANDEZ, C.J., and JAMES C. CARRUTH, Superior Court Judge **, concur.

## SUPPLEMENTAL OPINION ON MOTION FOR RECONSIDERATION

### June 27, 1991

HOWARD, Presiding Judge.

■■■ We have granted the state's motion to reconsider that portion of our decision addressing the validity of the trial court's order that the sentence in this case run consecutively to the sentences imposed in federal court.  In that decision, we concluded that the sentence was not prohibited by A.R.S. § 13–116 because none of the three factors set forth in *State v. Viramontes*, 163 Ariz. 334, 788 P.2d 67 (1990), and *State v. Gordon*, 161 Ariz. 308, 778

---

1.  Appellant does not argue that he was not advised of the statutory requirement that the sentence be consecutive to any other term he was serving.  The transcript of the change-of-plea hearing does not reveal that he was so advised by the court.  However, the court inquired whether there was any agreement regarding consecutive sentencing, to which counsel replied:

> Your Honor, there is no agreement as to that.  I'm going to file a sentencing memorandum to determine whether or not the Court needs to impose a concurrent sentence or not.
> Under—my understanding of the federal law is that although he could be convicted of the same offense in state and federal court, if it's deemed to be the same offense, then he could not be sentenced consecutively. *If the facts are such that the Court could find that his federal conviction was not the same of-*
> *fense technically, and then this sentence under the law must be consecutive.*
> Mr. Everhart is prepared and enters this agreement with the understanding that the Court could and may very well impose a consecutive sentence to the sentence he is currently serving on his federal charges, understands that and is aware that we don't know the outcome at this point.

(Emphasis supplied.)  We believe the record supports a finding that appellant was adequately apprised of the state law requirement that his sentence be consecutive, absent double jeopardy, prior to entering his plea.

** A judge of the Pima County Superior Court authorized and assigned to sit as a Judge on the Arizona Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed July 25, 1990.

P.2d 1204 (1989), had been met. The state does not dispute this conclusion but argues that the decision should be grounded instead on the inapplicability of § 13–116 to this case. We agree.

A.R.S. § 13–116 provides:

An act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other, to the extent the constitution of the United States or of this state require.

We are obviously concerned here with the first sentence of the statute, which was taken from § 654 of the California Penal Code. The California statute refers to "different provisions of this code" and has been construed not to apply "in the context of successive prosecutions in separate jurisdictions" but only to multiple prosecutions under state law. *People v. Walker*, 123 Cal.App.3d 981, 984 n. 1, 177 Cal.Rptr. 147, 149 n. 1 (1981). We believe that the Arizona statute should be similarly construed. There being no bar to a consecutive sentence under either A.R.S. § 13–116 or the double jeopardy clauses of the state and federal constitutions, *see generally United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), the trial court did not err in sentencing in this case.

FERNANDEZ, C.J., and JAMES C. CARRUTH, Superior Court Judge *, concur.