847 P.2d 606

**The STATE of Arizona, Appellee,**

v.

**Frank Ray GANDARA, Appellant.**

**Nos. 2 CA–CR 91–0048, 2 CA–CR 91–0049 and 2 CA–CR 91–0050.**

Court of Appeals of Arizona, Division 2, Department A.

Jan. 28, 1992.

Review Denied March 30, 1993.*

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Diana P. Stabler, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Kristine Maish, Tucson, for appellant.

OPINION

HOWARD, Judge.

In this appeal from his convictions in consolidated cases of two counts of driving under the influence of intoxicating liquor (DUI) with a suspended license (CR–31319 and CR–31700) and one count of aggravated DUI with a suspended license or one restricted for DUI (CR–31937), all class 5 felonies, appellant questions the propriety of the sentences.

Following appellant's conviction of these charges pursuant to a plea agreement, the trial judge sentenced him to the presumptive two-year prison term in CR–31319 and to three-year terms of probation on the remaining counts, to be served concurrently with one another but consecutively to the prison term in CR–31319. The court ordered that the mandatory six-month terms of imprisonment under A.R.S. § 28–692.02(D) in CR–31700 and CR–31937 be served concurrently with the prison term in CR–31319 and concurrently with each other. The court also ordered that probation on the latter charges would not begin until after appellant's release from parole supervision in CR–31319.

Before imposing this sentence, the trial judge stated what he intended to do and asked counsel if there were any legal problem with the proposed sentences. There were no objections; defense counsel only asked the court to word the sentence carefully to show that the six-month terms would be served first, together with the other prison term, followed by probation. In light of the fact that appellant raised no objection at the sentencing hearing after the court clearly expressed its intentions, his claims are waived absent fundamental error.

Appellant first argues that the trial court erred in imposing terms of imprisonment in addition to probation in CR–31700 and CR–31937. Appellant's reliance on this court's decision in State v. Everhart,, 169 Ariz. 404, 819 P.2d 990 (App.1991), is misplaced. In Everhart, this court held that

the trial court erred in sentencing the defendant to both a term of probation and imprisonment on the same count of attempted child molestation. However, that case involved the application of A.R.S. § 13–604.01, the special sentencing statute for persons convicted of dangerous crimes against children which, unlike A.R.S. § 28–692.02(D), does not contain a specific mandatory prison term as a condition of probation.

A.R.S. § 28–692.02(D) provides in part as follows:

> A person convicted under this section is not eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis ... until the person has served not less than six months in prison.

The constitutionality of the mandatory prison term as a condition of probation for persons convicted of DUI with a cancelled, suspended, revoked, or refused license was addressed in *State v. Benally*, 137 Ariz. 253, 669 P.2d 1030 (App.1983). The court reasoned that the legislature's stated purpose of, among other things, deterring "persons from driving while affected by alcohol by providing for penalties that are commensurate with the seriousness of this offense," Laws 1982, ch. 234, § 1, was reflected in the mandatory prison term. The court noted that, before the 1982 amendment, the sentence could be suspended and the offender placed on probation only in accordance with the general probation provisions of A.R.S. § 13–901. The special probation provisions under Title 28 supplement, rather than supplant, the general probation provisions. *State v. Clements*, 161 Ariz. 123, 776 P.2d 801 (App.1989). In an effort to "combat the carnage on our highways," *Martin v. Superior Court of Maricopa County*, 135 Ariz. 258, 261, 660 P.2d 859, 862 (1983), the penalties for DUI offenses have become increasingly serious, the class of felony having been upgraded from a class 6 to a class 5 and the legislature ultimately requiring a prison term, not just a jail term.

■ The imposition of the prison term as a condition of probation does not raise the separation of powers problem that concerned our supreme court in *State v. Wagstaff*, 164 Ariz. 485, 794 P.2d 118 (1990). In that case the supreme court considered the constitutionality of the lifetime parole provision of A.R.S. § 13–604.01(I). Because the statute gave the judicial branch of our government discretion with regard to parole, which is solely within the jurisdiction of the Board of Pardons and Paroles, part of the executive branch, the court held that it violated article 3 of the Arizona Constitution. A.R.S. § 28–692.02(D) poses no such problem. First, it relates to probation, which is a judicial function, rather than parole. Second, the statute expressly provides that, as a condition of probation, a defendant be placed in the custody of the Department of Corrections for the six-month period. At no time, therefore, is a defendant simultaneously in the custody of both the judicial and the executive branches.

■ Appellant also contends that the court erred in ordering that the probation in CR–31700 and CR–31937 begin after his release from parole supervision as opposed to his physical release from prison in CR–31319. Again, at no time did appellant object although he was expressly given the opportunity to do so. Not only does the sentence not amount to fundamental error, we find it is correct.

■ A.R.S. § 13–901(A) requires that a probation term begin "without delay." In *State v. Ball*, 157 Ariz. 382, 758 P.2d 653 (App.1988), Division One of this court construed "without delay" to mean upon release from prison, which is what the trial court in that case had ordered. We believe that the trial court's order in the instant case is even more precise. A consecutive sentence does not begin until the prior sentence is satisfied. *Mileham v. Arizona Board of Pardons & Paroles*, 110 Ariz. 470, 520 P.2d 840 (1974). "It ameliorates punishment by permitting a convict to serve his sentence outside of prison walls, but parole does not interrupt the sentence." *Id.* at 472, 520 P.2d at 842. Thus, a sentence is not satisfied until the person is

**108**

released from prison and parole supervision.

Of primary importance is that consecutive sentences not commence after an indefinite prior sentence. *See State v. King,* 166 Ariz. 342, 802 P.2d 1041 (App.1990). There is always the possibility that appellant will either not qualify for parole or that he will begin parole but for some reason have it revoked, resulting in his imprisonment once again. Therefore, to make certain that the sentence is clear and not indefinite, it must be modified to reflect that probation is to begin only upon appellant's absolute discharge from his prior sentence in CR–31319.

■ Finally, appellant contends that the court could not order the six-month terms to be served before the probation actually began. First, the issue is moot since appellant has already completed the six-month terms. Second, although it would seem logical that a condition of probation be satisfied during the actual probationary period, we do not believe that courts, in exercising their sentencing discretion, should be precluded from ordering otherwise under the appropriate circumstances, particularly where the defendant agrees. The instant case is distinguishable from *State v. Rogowski,* 130 Ariz. 99, 634 P.2d 387 (1981). Because of the nature of the conditions of probation in that case, the court agreed with the defendant that he would not be able to satisfy them until his release from prison. The court found that the sentencing judge had intended the conditions to become effective after his release. The only condition at issue here is the six-month prison term which appellant was to be serving anyway. There is nothing in *Rogowski* that precludes the trial court from entering the order it did.

■ We also reject appellant's related contention that because the six-month incarceration periods precede the commencement of probation, the probation of three years exceeds the maximum sentence of three years for a class 5 or class 6 felony by six months and is therefore an illegal

sentence. Because appellant was to be serving time in prison in any event, the court's order for satisfaction of the mandatory term resulted in a benefit to appellant. The court could have ordered that the terms be served consecutively to the term in CR–31319. Thus, any error can hardly be characterized as fundamental.

We have reviewed the entire record for fundamental error. Having found none, we affirm the convictions and the sentences as modified to reflect that the concurrent sentences of probation in CR–31700 and CR–31937 are to begin upon appellant's absolute discharge from his sentence in CR–31319.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.

---

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.