873 P.2d 700

Michael GIBBONS, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF LA PAZ, the Honorable Michael Irwin, a judge thereof, Respondent Judge,

Steven P. SUSKIN, La Paz County Attorney, Real Party in Interest.

No. 1 CA–SA 94–0062.

Court of Appeals of Arizona, Division 1, Department A.

April 21, 1994.

---

Michael J. Burke, La Paz County Public Defender, Parker, for petitioner.

Steven P. Suskin, La Paz County Atty. by Mark Horlings, Deputy County Atty., Parker, for real party in interest.

## OPINION

VOSS, Judge.

Defendant Michael Gibbons was charged with aggravated driving or actual physical control while under the influence of intoxicating liquor ("aggravated DUI"), a class 4 felony. Ariz.Rev.Stat.Ann. ("A.R.S.") § 28–697(A)(1) (Supp.1993). Defendant pled guilty to DUI while on a suspended license. Prior to sentencing, the judge ruled that Defendant was subject to a mandatory four-month sentence pursuant to A.R.S. section 28–697(E) and gave Defendant the opportunity to withdraw his plea. Defendant did not withdraw his plea, and the mandatory sentence was imposed.

■ Defendant filed this special action arguing that the trial court abused its discretion by applying the mandatory four-month minimum sentence because he was being sentenced for aggravated DUI with less than two prior convictions within the past sixty months. Defendant contends that A.R.S. section 28–697(E) applies only to those persons being sentenced for aggravated DUI that have two or more prior DUI convictions; therefore he should not have been sentenced to the mandatory term.

■ We accept jurisdiction to consider this special action because the issue requires us to interpret A.R.S. section 28–697; *see S.A. v. Superior Court,* 171 Ariz. 529, 831 P.2d 1297 (App.1992), and it is of statewide importance. *See, e.g., Duquette v. Superior Court,* 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989). Furthermore, Defendant does not have an adequate remedy by appeal. *See*

*Bechtel v. Rose,* 150 Ariz. 68, 71, 722 P.2d 236, 239 (1986).

Section 28–697(E) states in relevant part:

[A] person who is convicted under subsection A, paragraph 1 of this section, or a person who is convicted under subsection A, paragraph 2 of this section and *who within a sixty month period has been convicted of two prior violations of § 28–692 or this section,* or both, or acts committed in another state that if committed in this state would be a violation of § 28–692 or this section is not eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis ... until the person has served not less than four months in prison.

A.R.S. § 28–697(E) (emphasis added).

■ The first rule in statutory interpretation is to determine and give effect to the legislative intent behind the statute. *State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). In determining the intent, words are given their usual and commonly understood meaning unless it can be determined that the legislature intended a different meaning. *Id.* If the language is plain and unambiguous, no statutory construction is necessary, and courts should simply apply the plain and unambiguous language. *Chaparral Dev. v. RMED Int'l, Inc.,* 170 Ariz. 309, 311, 823 P.2d 1317, 1319 (App.1991). When there is confusion or ambiguity, it is necessary for the court to determine the legislative intent of the statute. *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). In construing the statute, the court considers the policy behind the statute and the evil it was designed to remedy. *Korzep,* 165 Ariz. at 493, 799 P.2d at 834.

This statute was drafted in response to the "back-load" problem of the former DUI statutes. The Senate subcommittee felt that the system needed to be "front loaded," which means more effort was needed to deal with the first-time offender to prevent him or her from becoming a second- and third-time offender. *Minutes of Senate Committee on Transp.* ("Minutes"), 41st Legis., 1st Sess. 5–6 (1993) (statement by Analyst John Carlson).

The current DUI statutes repeatedly impose mandatory sentences for DUI offenders. For first-time DUI offenders, a mandatory ten-day minimum sentence is imposed. Nine days of the mandatory sentence may be suspended if the person completes an alcohol treatment program. A.R.S. § 28–692.01(B). For second-time DUI offenders, a mandatory sentence of ninety days is imposed. Sixty days of the mandatory sentence may be suspended if the person completes an alcohol treatment program. A.R.S. § 28–692.01(E).

The problem of multiple DUI offenders is addressed further within the aggravated DUI statute. A.R.S. § 28–697(A)(2). However, in keeping with the idea of front loading, aggravated DUI also includes those persons who commit a DUI while driving with a suspended, restricted, or canceled driver's license. A.R.S. § 28–697(A)(1). Therefore, a person with less than two prior DUIs may also be guilty of aggravated DUI. This type of aggravated DUI was increased from a class 5 to a class 4 felony to show the legislature's concern for all DUI offenses, not just repeat offenses. *Minutes* at 5.

Although the words in A.R.S. section 28–697 are plain and unambiguous, the construction of the sentences is confusing and opens the statute to interpretation. However, the application of commonly accepted rules of statutory construction and an understanding of the legislative intent support the conclusion that the qualifying phrase (who within the past sixty months has been convicted of two prior DUI violations) was intended to refer to only those defendants convicted of aggravated DUI under A.R.S. section 28–697(A)(2).

Pursuant to A.R.S. section 28–697(A), a person may be guilty of aggravated DUI by *either* of the following: (1) commits a DUI while on a suspended, restricted or canceled driver's license; or (2) commits a *third or subsequent* DUI within a period of sixty months.

Here, Defendant pled guilty to aggravated DUI pursuant to A.R.S. section 28–697(A)(1). He was driving on a suspended license when he committed the DUI at issue. He did not have two prior DUI convictions within the sixty-month period.

The punishment for aggravated driving is found in subsections of the same statute. Subsections (E) and (F) delineate the mandatory minimum sentences for aggravated DUI offenders. Pursuant to A.R.S. section 28–697(E), a person must serve at least four months in prison if: he is convicted under (A)(1) of the statute; *or* he is convicted under (A)(2) and has been convicted of *two prior* DUI violations within the past sixty months. Therefore, the four-month mandatory sentence applies to Defendant because he was convicted under A.R.S. section 28–697(A)(1).

The qualifying clause in A.R.S. section 28–697(E), requiring two prior DUI convictions within the past sixty months, applies only to those persons convicted under A.R.S. section 28–697(A)(2). The State contends that sections 28–697(E) and 28–697(A)(2) are redundant. We disagree. Aggravated DUI, as defined in subsection (A)(2) includes the entire class of repeat offenders with two or more DUI convictions; however, the four-month mandatory sentence applies only to repeat offenders with two prior DUI convictions. For those persons with "three or more" prior DUI convictions, we look to section 28–697(F) for the enhanced mandatory sentence.

Defendant's argument that he is not subject to the four-month mandatory sentence is refuted by the legislative intent and the wording of the statute. Furthermore, "[a] qualifying phrase is usually construed to apply to the word or phrase most immediately preceding it if there is no indication of a contrary intention." *Tucson Elec. Power Co. v. Arizona Dep't of Revenue,* 174 Ariz. 507, 511, 851 P.2d 132, 136 (App.1992). This would lend further support to the conclusion that the legislature intended to divide aggravated DUI offenders into two categories and separates those categories using the word "or." Each category is subject to at least the mandatory four-month sentence, but for those with three or more prior DUIs within the past sixty months, the mandatory sentence is found in another subsection.

Therefore, because Defendant was convicted under A.R.S. section 28–697(A)(1), the

mandatory four-month sentence was properly imposed.

For the foregoing reasons we accept jurisdiction but deny relief.

GRANT, P.J., and GARBARINO, J., concur.