901 P.2d 460

**STATE of Arizona, Appellant,**

v.

**Rafael Barraza ARZOLA, Appellee.**

No. 1 CA–CR 94–0646.

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 3, 1995.

Myrna J. Parker, Navajo County Public Defender by Terry Kent Brewer, Deputy Public Defender, Holbrook, for appellee.

Melvin R. Bowers, Jr., Navajo County Atty. by Steven Dean Blaine, Deputy County Atty., Holbrook, for appellant.

## OPINION

KLEINSCHMIDT, Presiding Judge.

In July 1994, the Defendant pled guilty to one count of aggravated driving under the influence of alcohol with a blood alcohol content of .10 percent or more in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 28–692(A)(2) and 28–697(A)(1), a class four felony. The plea agreement provided that the Defendant was to receive probation on terms and conditions set by the court which were to include at least four months incarceration in the Arizona Department of Corrections.

In August 1994, the trial court suspended imposition of sentence and placed the Defendant on probation for four years. As a condition of probation, the trial court ordered the Defendant to serve four months in the Arizona Department of Corrections to begin on October 31, 1994. The trial court delayed the commencement of incarceration to allow the Defendant to keep his job. The State objected to the delay, arguing that A.R.S. section 28–697(E) requires a defendant to begin the period of incarceration at the time of sentencing. That statute provides:

> Notwithstanding § 41–1604.06, [relating to earned release credits] a person who is convicted under subsection A, paragraph 1 of this section *is not eligible* for probation, pardon, commutation or suspension of sentence or release on any other basis *until the person has served not less than four months in prison.*

(Emphasis added). The trial court disagreed and refused to order immediate incarceration. The State appeals that decision. Although the Defendant has already served his four months in prison, we publish this opinion to clarify a question that might otherwise elude review.

Probation and imprisonment in a Department of Corrections facility for a single offense are not compatible under the usual statutory scheme. That being the case, A.R.S. section 28–697(E) does not mesh well with the other statutory provisions that apply to sentencing and probation. Section 28–697(E) makes it clear, however, that a defendant convicted of aggravated DUI is not eligible for *any sort* of release until he has served at least four months in prison. Thus, the statute requires the four-month imprisonment to be served immediately after sentencing, and the trial judge should not have delayed it in this case.

The statute does not mean that a trial judge may not place a person convicted of aggravated DUI on probation. The statute simply means that before a defendant is released for any reason following sentencing, that defendant must serve four months in the Department of Corrections.

NOYES and TOCI, JJ., concur.