3 P.3d 1140

**STATE of Arizona, Respondent,**

**v.**

**Ramon Francisco FRAGOZO, Petitioner.**

**No. 2 CA–CR 99–0227–PR.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 27, 2000.

Ramon Francisco Fragozo, Florence, In Propria Persona.

ESPINOSA, Chief Judge.

¶ 1 In this pro se petition for review of the denial of post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., 17 A.R.S., petitioner challenges the trial court's refusal of his request for 120 days of presentence incarceration credit in addition to the 152 days' credit he received. Because the trial court erred as a matter of law, we find it abused its discretion in denying relief. *See State v. Schrock,* 149 Ariz. 433, 719 P.2d 1049 (1986) (trial court's decision whether to grant or deny post-conviction relief will not be disturbed absent an abuse of discretion).

¶ 2 Pursuant to a plea agreement, petitioner was convicted in September 1996 of aggravated driving under the influence of alcohol (DUI). He was placed on intensive probation for five years and ordered to serve a four-month, mandatory prison term as a condition of probation pursuant to former A.R.S. § 28–697, renumbered as A.R.S. § 28–1383. 1996 Ariz. Sess. Laws, ch. 76, §§ 3, 25. The court gave petitioner 32 days' credit on the prison term, apparently based on his having committed himself before the sentencing hearing so he could finish serving the time before the Christmas holiday.

¶ 3 A petition to revoke was filed in November 1997, and petitioner admitted two of the alleged violations. On December 10, 1997, the court continued petitioner on intensive probation and ordered him to serve an eight-month jail term as a condition thereof. A second petition to revoke probation was filed in March 1998 and petitioner subsequently admitted violating probation by consuming alcohol. On May 8, 1998, the trial court revoked probation and sentenced petitioner to a three-year prison term, giving him 152 days' credit for the time served in the Pima County Jail. In August 1998, petitioner wrote a letter to the court requesting an additional 120 days' presentence incarceration credit for the mandatory prison term he had served as a condition of probation when he was initially placed on probation. Treating the letter as a petition for post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., the court denied relief, finding that "the 120 days Petitioner served in the Department of Corrections as a condition of probation does not count as time served for his subsequent sentence to. the Department of Corrections for the violation of his probation." In doing so, the trial court relied on § 28–1383(H), former A.R.S. § 28–697(I). This pro per petition for review followed.

¶ 4 Section 13–709(B), A.R.S., provides that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment unless otherwise provided for by this chapter." *See also North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (double jeopardy clause requires that all prison time imposed as punishment be credited against sentence ultimately imposed for that crime); *State v. Johnson,* 105 Ariz. 21, 458 P.2d 955 (1969) (defendant reconvicted and resentenced after first conviction and sentence reversed on appeal is entitled to credit for time served under original sentence for same offense). In placing petitioner on probation, the trial court actually suspended imposition of sentence until it eventually revoked probation and sentenced him to the three-year prison term. Thus, the four-month prison term was served before he was sentenced on the 1996 conviction.

¶ 5 Nothing in the sentencing chapter of Title 13 precludes the grant of presentence incarceration credit under these circumstances. Nor is there any such prohibition in the sentencing portion of the DUI statute. Indeed, § 28–1383(H) provides that a person convicted of aggravated DUI must participate in mandatory "alcohol or other drug screening, education or treatment from an approved facility," and if the person fails to comply with such condition, the court may order the person incarcerated for an additional term of no less than four months. Section 28–1383(I), formerly § 28–697(J), expressly excludes credit for any time spent in custody pursuant to subsection H in the event probation is thereafter revoked and the person is sentenced to prison. There is no comparable prohibition, however, with respect to the four-month prison term initially imposed and served as a condition of probation pursuant to § 28–1383(D), formerly A.R.S. § 28–697(E). Had the legislature intended to preclude credit for such time served, it could have done so as it did for the period served pursuant to § 28–1383(H). Based on the principle of statutory interpretation, *expressio unius est exclusio alterius*,[1] we infer from the legislature's failure to include such a provision that it intended to permit the granting of credit in all other circumstances. *See Southwestern Iron & Steel Indus., Inc. v. State*, 123 Ariz. 78, 597 P.2d 981 (1979); *In re Estate of Tovrea*, 173 Ariz. 568, 845 P.2d 494 (App.1992).

¶ 6 As previously stated, the trial court relied on § 28–1383(H) in denying postconviction relief, but the four-month period petitioner served was not imposed for failure to complete alcohol screening, education or treatment. Because § 28–1383(H) does not apply and because there is no provision expressly prohibiting the grant of credit for the prison term that petitioner served as a condition of his probation, we conclude the trial court erred when it denied post-conviction relief.

¶ 7 The petition for review is granted. It is ordered that the petitioner's sentence is modified to reflect the granting of an additional 120 days of presentence incarceration credit.

1. The expression of one thing implies the exclusion of others.

CONCURRING: J. WILLIAM BRAMMER, Jr., Presiding Judge, and JOSEPH W. HOWARD, Judge.