IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                    )
                                         )
                         Petitioner,     )
                                         )
             v.                          )        2 CA-SA 2003-0101
                                         )        DEPARTMENT B
HON. JAN KEARNEY, Judge of the           )
Superior Court of the State of Arizona,  )        O P I N I O N
in and for the County of Pima,           )
                                         )
                         Respondent,     )
                                         )
             and                         )
                                         )
AMY LOU HENDERSON,                       )
                                         )
             Real Party in Interest.     )
                                         )
_____

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR-20022577

RELIEF DENIED

_____

Barbara LaWall, Pima County Attorney
  By Elizabeth Hurley                                         Tucson
                                              Attorneys for Petitioner


Jeffrey D. Bartolino                                          Tucson
                                   Attorney for Real Party in Interest

_____


P E L A N D E R, Presiding Judge.

¶1 In this special action, petitioner State of Arizona contends the respondent judge erred in ordering real party in interest Amy Lou Henderson to remain released on bond pending sentencing following her conviction for aggravated driving under the influence of an intoxicant (DUI) in violation of A.R.S. § 28-1383(A)(1). The state argues that, because Henderson must be imprisoned for four months pursuant to § 28-1383(D) even if she is granted probation, the respondent judge was required to order her "immediately placed into custody after conviction" pursuant to Rule 7.2(b)(1), Ariz. R. Crim. P., 16A A.R.S. That rule generally requires such action for persons convicted in superior court who "will in all reasonable probability suffer a sentence of imprisonment." Because the state has no equally plain, speedy, and adequate remedy by appeal, see A.R.S. § 13-4032 and Rule 1(a), Ariz. R. P. Special Actions, 17B A.R.S., and because this is a pure question of law, a matter of first impression, and an issue of statewide importance, we accept jurisdiction. Ariz. Dep't of Revenue v. Superior Court, 189 Ariz. 49, 51, 938 P.2d 98, 100 (App. 1997). We conclude the respondent judge had discretion to continue Henderson's release on bond, and we therefore deny relief. See Ariz. R. P. Special Actions 3.

¶2 The relevant facts are not disputed. A jury found Henderson guilty of aggravated DUI, a class four felony, on September 12, 2003. Henderson had been released from custody since the time of her arrest. After the jury returned its verdict, the state moved that she be taken immediately into custody pending sentencing pursuant to Rule 7.2(b), Ariz. R. Crim. P. Henderson objected, arguing that she is a strong candidate for probation and noting she had rejected a plea offer in which the state had proposed recommending that she be placed on probation. Recognizing that § 28-1383(D) and Rule 7.2(b) arguably called for Henderson's immediate incarceration, the respondent judge nonetheless found that Rule 7.2(b) did not apply

2

and permitted Henderson to remain released on bond under the supervision of pretrial services pending sentencing. The state petitioned for special action relief on October 1.

¶3 Although sentencing was set for October 10, this court ordered the parties to continue litigating this special action regardless of the outcome of that proceeding. According to Henderson's response to the special action petition and the state's avowal at oral argument, Henderson was placed on probation on October 10. Although the issue before us is therefore moot, we may nonetheless decide such an issue when, as here, it is a recurring issue of public importance that will otherwise evade review. See State ex rel. McDougall v. Municipal Court, 155 Ariz. 186, 188, 745 P.2d 634, 636 (App. 1987).

¶4 We thus address whether a probation-eligible defendant found guilty of aggravated DUI and, therefore, subject to a mandatory four-month term of imprisonment pursuant to § 28-1383(D) must be immediately taken into custody pursuant to Rule 7.2(b). Rule 7.2(b)(1) provides:

> After a person has been convicted of any offense for which the person will in all reasonable probability suffer a sentence of imprisonment, the person shall not be released on bail or on his or her own recognizance unless it is established that there are reasonable grounds to believe that the conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding. The release of a person pending appeal shall be revoked if the person fails to prosecute the appeal diligently.[1]

---

[1]Henderson did not establish, and does not contend, that "reasonable grounds [exist] to believe that [her] conviction may be set aside on a motion for new trial, reversed on appeal, or vacated in any post-conviction proceeding." Ariz. R. Crim. P. 7.2(b)(1). Although not at issue in this special action, those exceptions and the last sentence of Rule 7.2(b)(1) appear to provide for the posting of an appeal bond (or similar post-conviction bond) by a defendant sentenced to prison if one of the specified conditions is established. But those provisions are directly at odds with A.R.S. § 13-3961.01, which specifically prohibits any such bond after sentencing unless a court finds incarceration would endanger the defendant's life. This court has previously

Section 28-1383(D) provides in pertinent part:

> A person is not eligible for probation, pardon, commutation or suspension of sentence or release on any other basis until the person has served not less than four months in prison if the person is convicted under [various aggravated DUI statutes, including § 28-1383(A)(1)].

¶5 We review de novo the interpretation of a statute. State v. Fell, 203 Ariz. 186, ¶6, 52 P.3d 218, ¶6 (App. 2002). Our primary goal is to discern and give effect to legislative intent. Id. To that end, we construe the statute's language, and if it is unclear, then consider its historical background, subject matter, context, effects, consequences, spirit, and purpose. Id. These principles of statutory construction apply equally to rules promulgated by our supreme court. Ariz. Dep't of Revenue, 189 Ariz. at 52, 938 P.2d at 101 ("The interpretation of the rules of procedure parallels the interpretation of statutes."). Moreover, "[r]ules of procedure and statutes are read in conjunction with each other and harmonized whenever possible." Groat v. Equity Am. Ins. Co., 180 Ariz. 342, 347, 884 P.2d 228, 233 (App. 1994).

¶6 In this context, we are unable to discern a plain meaning of the rule and statute read in conjunction because it is not clear whether the four-month prison term mandated by § 28-1383(D) is a "sentence of imprisonment" for purposes of Rule 7.2(b)(1).[2] As noted above, the statute requires a prison term even when a person is granted probation. That provision, however, is at odds with the general felony sentencing scheme, which provides for either the imposition of

determined that the statute governs over the rule. State v. Hawkins, 140 Ariz. 88, 90, 680 P.2d 522, 524 (App. 1984).

[2]Much of the case law in this area is based on similar provisions that were contained in previous versions of the DUI laws. See, e.g., former A.R.S. § 28-692.02(C), 1988 Ariz. Sess. Laws, ch. 246, § 8; former A.R.S. § 28-697(E), (F), 1993 Ariz. Sess. Laws, ch. 223, § 8.

4

a prison sentence or the suspension of the imposition of sentence if probation is granted. See

A.R.S. § 13-603(B), (E) (sentencing court may suspend imposition of sentence and grant probation

or, if probation not granted, impose sentence of imprisonment); Ariz. R. Crim. P. 26.10(b)(3),

17 A.R.S. (sentencing court must pronounce terms of sentence or probation). As Division One

of this court has stated:

> Probation and imprisonment in a Department of Corrections facility for a single offense are not compatible under the usual statutory scheme. That being the case, A.R.S. section 28-697(E) [the predecessor aggravated DUI statute] does not mesh well with the other statutory provisions that apply to sentencing and probation.

State v. Arzola, 183 Ariz. 112, 112, 901 P.2d 460, 460 (App. 1995).

¶7         Indeed, at oral argument, the state characterized the unique aggravated DUI

sentencing provision currently codified in § 28-1383(D) as a "strange animal." The state

contends, however, that the mandatory prison term is a sentence, arguing that, because Rule 26.1,

Ariz. R. Crim. P., 17 A.R.S., defines "sentence" as "the pronouncement by the court of the

penalty imposed upon the defendant after a judgment of guilt," that definition should be used to

define the phrase "sentence of imprisonment" in Rule 7.2(b).[3] We agree that the mandatory prison

term is a penalty. The legislature's intent in prescribing mandatory prison time for aggravated

DUI offenders was to deter "'persons from driving while affected by alcohol by providing for

penalties that are commensurate with the seriousness of this offense.'" State v. Gandara, 174

---

[3]In support of its contention that the mandatory, four-month imprisonment under § 28-1383(D) constitutes a "sentence," the state also pointed out at oral argument that § 28-1383(H)(1) refers to "a person sentenced  pursuant to" § 28-1383(D). (Emphasis added.) For the reasons noted below, however, we do not find that word choice controlling.

Ariz. 105, 107, 847 P.2d 606, 608 (App. 1992), quoting State v. Benally, 137 Ariz. 253, 255, 669 P.2d 1030, 1032 (App. 1983); see 1982 Ariz. Sess. Laws, ch. 234, §§ 1, 9.

¶8          We are less persuaded by the state's assertion that the intent of the mandatory imprisonment provision was to "stop the carnage" by "remov[ing] . . . drunk[en] drivers from the road as soon as possible." If that were true, the legislature could have made probation absolutely unavailable for this crime, as it has, for example, for sexual assault. See A.R.S. § 13-1406(B). If the legislature had done so, of course, there would be no question that a person convicted of aggravated DUI must be taken into custody immediately upon return of a guilty verdict unless one of the other exceptions in Rule 7.2(b)(1) were established. The legislature also could have expressly required that a defendant be taken immediately into custody when a jury returns a guilty verdict for aggravated DUI. But the legislature did not do so.

¶9          In addition, we note that the legislature has made probation available for first-time felons convicted of other crimes that, like aggravated DUI, involve behavior that creates a risk of serious harm to other people.[4] Rule 7.2(b) permits the possibility of presentence release in those cases. We also note that the state's position here is inconsistent with the actions it has taken in this aggravated DUI case, in which it agreed to recommend probation for Henderson if she

_____

[4]See, e.g., A.R.S. §§ 13-1201 (endangerment); 13-1204(A)(11) (aggravated assault causing temporary but substantial disfigurement or bodily impairment); 13-1507 (residential burglary without a weapon); 13-3408(C) (first-time sale or importation of narcotic drugs); 28-622.01 (felony flight from pursuing law enforcement vehicle); see also A.R.S. §§ 13-604(F); 13-901; State v. George, 413 Ariz. Adv. Rep. 3, ¶8 (Ct. App. Nov. 26, 2003) (in absence of other sentencing enhancements, defendant whose aggravated assault under § 13-1204(A)(11) resulted in temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part, or fracture of any body part may be placed on probation); State v. Womack, 174 Ariz. 108, 847 P.2d 609 (App. 1992) (describing hazardous circumstances encompassed and prohibited by § 28-622.01, flight from a pursuing law enforcement vehicle).

6

accepted the proffered plea agreement. And, at oral argument, we learned that Henderson was released on bond for over one year pending a trial that was delayed at least in part to continuances requested by and granted to the state.

¶10 Henderson, in contrast, points to A.R.S. § 13-701(A), which provides in part that "[a] sentence of imprisonment for a felony shall be a definite term of years." She contends the mandatory four months' imprisonment under § 28-1383(D) is not a "sentence of imprisonment" as defined in § 13-701 because the range of imprisonment for a class four felony under that statute is one to 3.75 years. See A.R.S. §§ 13-702(A), 13-702.01(A), (B). She argues that, because a trial court can only grant probation by suspending the imposition of sentence, see § 13-603(B), a defendant who receives probation is therefore never "sentenced," and the mandatory prison term is only a condition of probation. Henderson accurately cites several cases that describe the mandatory term of incarceration following a conviction for aggravated DUI as a condition of probation. See State v. Fragozo, 197 Ariz. 220, ¶4, 3 P.3d 1140, ¶4 (App. 2000); State v. Sanchez, 191 Ariz. 418, 420, 956 P.2d 1240, 1242 (App. 1997); Arzola, 183 Ariz. at 112, 901 P.2d at 460; Benally, 137 Ariz. at 256, 669 P.2d at 1033.

¶11 Our review of these cases reveals that the Benally court described the mandatory prison term as a condition of probation because the predecessor statute to § 28-1383(D) at issue in that case, former A.R.S. § 28-692.02(A), provided that the "judge shall not grant probation . . . except on the condition that the person serve not less than six months in prison." Benally, 137 Ariz. at 254, 669 P.2d at 1031 (emphasis added). However, that language was deleted from the subsequent version of the statute, former A.R.S. § 28-697, and replaced in 1990 with "a person . . . is not eligible for probation . . . until the person has served not less than six months in

7

prison." 1990 Ariz. Sess. Laws, ch. 375, § 10, effective June 28, 1990. Since then, the mandatory prison provision has contained essentially identical "not eligible . . . until" language throughout the numerous revisions and renumberings of the DUI statutes.

¶12        Noting this statutory change, the state makes the facially persuasive argument that the mandatory prison term cannot be a condition of probation because the plain language of § 28-1383(D) provides that the prison term must be served before the defendant is even eligible for probation. Nonetheless, almost without exception, our appellate courts have expressly or implicitly approved trial courts' ordering the mandatory term of incarceration in an aggravated DUI case to be served as a condition or term of probation, despite the post-June 28, 1990, language that appears to make that impossible. See Fragozo; State v. Nihiser, 191 Ariz. 199, 204, 953 P.2d 1252, 1257 (App. 1997); Sanchez; Arzola; Gandara, 174 Ariz. at 107, 847 P.2d at 608; but see Gibbons v. Superior Court, 178 Ariz. 362, 364, 873 P.2d 700, 702 (App. 1994) (describing the mandatory, four-month prison term under a predecessor statute as a "sentence").

¶13        We need not decide the propriety of treating the mandatory prison term as a condition of probation, which, we suspect, has been a legal fiction employed to fit the mandatory prison term into an existing felony sentencing structure that is otherwise ill-suited to accommodate such a "strange animal."[5] See § 13-603(B), (E); Ariz. R. Crim. P. 26.10(b)(3). Rather, we address the narrower question of whether the mandatory prison term, regardless of how it is

_____

[5]At oral argument, the state conceded that, at Henderson's sentencing hearing, it had not objected when the respondent judge granted probation to Henderson before she had served the mandatory prison term.

semantically labeled, triggers mandatory, immediate incarceration after conviction pursuant to Rule 7.2(b)(1). On that issue, we find the history of the rule instructive.

¶14 Formerly, Rule 7.2 made presentence release unavailable to any defendant "convicted of any offense for which he has or may suffer a sentence of imprisonment." (Emphasis added.) See 163 Ariz. XLIV (1990). In State v. Superior Court, 138 Ariz. 4, 6-7, 672 P.2d 956, 958-59 (App. 1983), this court noted that it was anomalous to mandate custody in jail pending sentencing for those likely to be granted probation and suggested that "the rule should be changed to give the trial court discretion to continue the defendant on bond if there is a reasonable probability that the defendant will be placed on probation."[6] In 1989, a Maricopa County Superior Court judge petitioned our supreme court to change the rule, expressing the same sentiment. Petition to Amend Ariz. R. Crim. P. 7.2(b) (Ariz. Sup. Ct. filed Oct. 11, 1989). In March 1990, the supreme court amended Rule 7.2(b), effective June 1, 1990, changing the phrase that precedes "suffer a sentence of imprisonment" by deleting "has or may" and adding "will in all reasonable probability." 163 Ariz. XLIV.

¶15 We conclude that the supreme court's intent in changing the rule was to differentiate between those found guilty who will probably be granted probation from those who probably will not and to give a trial court discretion to release the former class of convicted persons pending

---

[6]As the state points out, in State v. Superior Court, 138 Ariz. 4, 6, 672 P.2d 956, 958 (App. 1983), this court stated that "[t]he purpose of [former] Rule 7.2(b) is to prevent a defendant who is waiting to be sentenced[,] and who is surely going to prison, from committing further crimes during the interval." Current Rule 7.2(b)(1) has that same underlying purpose for convicted felons who probably will be sentenced to prison under Arizona's felony sentencing scheme. But that case neither involved a DUI offense nor the "strange animal" currently codified in § 28-1383(D).

9

sentencing in appropriate cases. The rule's reference to imprisonment, not probation, can be explained by the history outlined above. It was formerly written exclusively in terms of imprisonment, and the rule was changed economically by deleting and adding a minimum of words.

¶16        We also find it significant that, at the time of the rule change, the mandatory prison time for those convicted of aggravated DUI was expressly denoted a condition of probation. See Benally, 137 Ariz. at 254, 669 P.2d at 1031, discussing former § 28-692.02(A). At the time the current language of Rule 7.2(b)(1) became effective, persons convicted of aggravated DUI who probably would be granted probation would have been eligible for presentence release, the mandatory term of imprisonment to be served as a condition of probation notwithstanding. We have no reason to believe that, in rewording the mandatory prison term from a condition of probation to the "strange animal" it is today, the 1990 legislature was reacting to the change in Rule 7.2(b). That change to the aggravated DUI statute was part of a comprehensive revamping and renumbering of the DUI and DUI-related laws of which the recharacterization of the prison term was relatively insignificant. 1990 Ariz. Sess. Laws, ch. 375, §§ 1-21.

¶17        We do not suggest that presentence release should necessarily be granted to persons found guilty of aggravated DUI for whom probation is likely. Rather, we merely hold that any such decision is properly left to the trial court, to whom the legislature has given the discretion to decide, based on the facts of the case and the individual defendant, whether to suspend the imposition of sentence and grant probation. Accordingly, we find that the respondent judge did not exceed her legal authority but, rather, acted within her discretion in permitting Henderson to

10

remain released on bond pending sentencing following the jury's verdict that she was guilty of aggravated DUI.

¶18      Although we accept jurisdiction, we deny relief.


_____
JOHN PELANDER, Presiding Judge

CONCURRING:


_____
PHILIP G. ESPINOSA, Chief Judge


_____
PETER J. ECKERSTROM, Judge