NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER EDWARD THAYER, *Petitioner*.

No. 1 CA-CR 14-0848 PRPC
FILED 2-23-2017

Appeal from the Superior Court in Maricopa County
No. CR2008-123452-001
The Honorable J. Justin McGuire, Commissioner

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Christopher Edward Thayer, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

---

**K E S S L E R**, Judge:

¶1        Petitioner Christopher Edward Thayer pled guilty to three counts of attempted sexual exploitation of a minor, and the superior court imposed lifetime probation for each count. Thayer was also sentenced to ten months' incarceration for Count 1, followed by one year for Count 2. In 2014, after his release from prison, the superior court found Thayer violated his probation conditions and sentenced him to seven years' imprisonment for Count 1 with 804 days' presentence incarceration credit. The court waived community supervision for Count 1 after it reinstated lifetime probation for Counts 2 and 3.

¶2        Thayer initiated post-conviction relief proceedings and the superior court ultimately ordered him to file his pro se petition for post-conviction relief by November 21, 2014. In apparent response to this order, Thayer filed a "Motion for Time Calculation" in October and argued that the court should have imposed community supervision for Count 1 and that he was entitled to additional credit for presentence incarceration. The superior court denied the motion, correctly noting that Thayer's additional days in custody were for Count 2 only and cannot be credited towards the sentence imposed in Count 1. The court did not treat the motion as Thayer's petition for post-conviction relief, however, and later dismissed Thayer's post-conviction relief proceedings for failure to file a timely petition.

¶3        Thayer has filed in this court an "Appeal of Adverse Ruling by Superior Court of Maricopa County" in which he challenges the denial of his motion for time calculation. The State asserts we lack jurisdiction because Thayer's petition is untimely. We disagree. We elect to consider Thayer's motion for time calculation as a timely petition for post-conviction relief and his appeal of adverse ruling as his petition for review.

¶4        Thayer argues the superior court should have imposed a term of community supervision for Count 1 after the court found he had violated probation. He further argues that because the court was required to impose community supervision, he must also receive an additional 365 days of

credit for presentence incarceration for Count 1. We deny relief. A sentencing court may waive community supervision after a prison sentence for one count if the court imposes a consecutive term of probation for another count. A.R.S. § 13-603(K) (2016). Because Thayer is not entitled to community supervision on Count 1, we need not address his assertions regarding presentence incarceration credit on this ground.

**¶5**     Thayer also asserts the superior court incorrectly calculated his presentence incarceration credit of 804 days and claims he is actually entitled to 1169 days of credit. However, the additional year of presentence incarceration credit that Thayer is claiming is the year he served for Count 2 as a condition of his probation for that count. *See State v. Fragozo*, 197 Ariz. 220, 222, ¶¶ 5-6 (App. 2000). Thayer's additional days in custody were for Count 2 only and cannot be credited towards the sentence imposed in Count 1. Thus, we deny relief.

**¶6**     For the reasons stated above, we grant review but deny relief.

