IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION


STATE OF TENNESSEE,              )
                                 )
            Appellant,           )      No. 03C01-9704-CC-00136
                                 )      FILED
                                 )      Anderson County
v.                               )                          July 7, 1999
                                 )      Honorable James B. Scott, Jr.
                                 )      Judge          Cecil Crowson, Jr.
                                 )                     Appellate Court
MELISSA D. ANDERSON,             )                         Clerk
                                 )      (Community Corrections)
            Appellee.            )



For the Appellant:                      For the Appellee:

John Knox Walkup                        J. Thomas Marshall, Jr.
Attorney General of Tennessee           District Public Defender
     and                                101 S. Main Street
Timothy F. Behan                        Clinton, TN 37716
Assistant Attorney General of Tennessee
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

James N. Ramsey
District Attorney General
     and
Jan Hicks
Assistant District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716




OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

2

This case presents the question of whether a trial court without a community corrections program in its district has the authority to impose a community corrections sentence upon the resident of another judicial district to be served in the defendant's judicial district whose community corrections program agrees to accept supervision responsibility. The state appeals as of right from the Anderson County Criminal Court's imposition of a three-year community corrections sentence upon the defendant, Melissa D. Anderson, to be served in a program in Roane County, where the defendant resides. The state contends that the trial court did not have the authority to impose such a sentence. We affirm the judgment of conviction.

The defendant was convicted upon her plea of guilty to selling cocaine. She had abused drugs and was on medication at the time of sentencing. Anderson County has no community corrections program. A community corrections officer from Roane County, which is in another judicial district, testified that his program was willing to accept and supervise the defendant. The trial court recognized the program and placed the defendant in that program.

The state contends that although there is neither case law nor legislation directly on point, analogous law supports its position that the trial court erred. First, it cites State v. Nelson Joseph LeClair, No. 01C01-9603-CC-00104, Rutherford County (Tenn. Crim. App. Jan. 31, 1997), app. denied (Tenn. Sept. 8, 1997) (concurring in results only), in which the defendant appealed the trial court's refusal to allow him to serve his misdemeanor sentence in Davidson County, which has a work release program instead of the Rutherford County workhouse, which has no such program. This court stated that it found no support for the defendant's argument that the request should have been granted nor "any authority giving a trial judge the right to order a

misdemeanor sentence to be served in a county other than the one in which the offense occurred." Id., slip op. at 3. The court added that work release is a form of probation and is a privilege, not a right. Id. The state argues that the analogy applies in this felony case.

The defendant responds by distinction. She notes that LeClair involved a misdemeanor and that Tenn. Code Ann. § 41-2-103 requires the trial court to sentence misdemeanants to the workhouse of the county of conviction if a workhouse sentence is imposed. She asserts that no similar requirement exists for community corrections sentences. Also, she argues that her felony community corrections sentence is more analogous to felony probation under Tenn. Code Ann. § 40-35-309, which allows supervised probation outside the trial court's jurisdiction for residents of another judicial district. Finally, she notes that LeClair did not involve either outside authorities agreeing to supervise the defendant or the sentencing court granting such a sentence.

Relative to probation under Tenn. Code Ann. § 40-35-309, the state notes that it allows a trial court to place a defendant on supervised probation in another judicial district with the express option of either retaining jurisdiction or transferring it to the appropriate court in the resident district. No similar statute exists regarding a community corrections sentence. It also cites State v. Malone, 928 S.W.2d 41, 44 (Tenn. Crim. App. 1995), in which this court held that the defendant's parole from one sentence under the Board of Paroles' jurisdiction did not bar the trial court from revoking another suspended sentence. The court concluded that the Board of Paroles did not take over the trial court's authority relative to a fully-suspended sentence. The state claims that as with the Board of Paroles, the trial court in the present case could not place its authority with the Roane County Community Corrections Program.

The defendant responds that the holding in Malone is irrelevant to the present inquiry. She notes that the trial court in her case has not transferred jurisdiction over her sentence to Roane County.

Finally, the state points to the Community Corrections Act. It notes that under Tenn. Code Ann. § 40-36-102(4), the "community" includes the counties that comprise a judicial district and that a goal of the act is to "[p]romote accountability of offenders to their local community by requiring . . . community service restitution to local governments," Tenn. Code Ann. § 40-36-104(2). It asserts that the defendant does not owe service to Roane County but to Anderson County, the venue of her crime.

In kind, the defendant notes that the goal of the act cited by the state makes offenders accountable to their local communities and assists offenders in becoming contributing members of their community. See Tenn. Code Ann. § 40-36-104(2). She asserts that the act provides no requirement that an offender must be convicted in a county that has a community corrections program before such a program may be invoked. Also in support, she states that this court has affirmed the Hamblen County Criminal Court in sentencing a defendant to the community corrections program in Sullivan County, a separate judicial district. See State v. Tom Hale, No. 03C01-9411-CR-00404, Hamblen County (Tenn. Crim. App. Aug. 4, 1995). However, we sense that the facility involved in Hale has contracted with several judicial districts to be part of their respective community corrections programs. See State v. Robert Joseph Bacon, No. 03C01-9708-CR-00356, Sullivan County (Tenn. Crim. App. Aug. 17, 1998); Tenn. Code Ann. § 40-36-302(a)(2).

As a starting point, we heed our supreme court's statement that an appellate court "cannot affirm a sentence that is not expressly authorized by the Legislature." State v. Davis, 940 S.W.2d 558, 562 (Tenn. 1997). Thus, the trial court's

4

sentencing authority must be statutorily based. Pursuant to Tenn. Code Ann. § 40-35-104(c)(9), a trial court has the authority to sentence an offender "to a community based alternative to incarceration in accordance with the provisions, including eligibility requirements, of chapter 36 of this title," which contains the Community Corrections Act. In essence, this means that a trial court is empowered to impose a community corrections sentence within the limits allowed by the act.

The goals of the Community Corrections Act are stated in Tenn. Code Ann. § 40-36-104 as follows:

> (1) Maintain safe and cost efficient community correctional programs, which also involve close supervision of offenders;
>
> (2) Promote accountability of offenders to their local community by requiring direct financial restitution to victims of crimes and community service restitution to local governments and community agencies;
>
> (3) Fill gaps in the local correctional system through the development of a range of sanctions and services available for the judge at sentencing;
>
> (4) Reduce the number of nonviolent felony offenders committed by participating counties to correctional institutions and jails by punishing these offenders in noncustodial options as provided in this chapter;
>
> (5) Provide opportunities for offenders demonstrating special needs to receive services which enhance their ability to provide for their families and become contributing members of their community;
>
> (6) Encourage the involvement of local officials and leading citizens in their local correctional system; and
>
> (7) Promote the development of community corrections programs which are tailored to the specific needs of each participating county, and which are creative and innovative, within this state.

Unquestionably, the act is essentially geared to programs within a given judicial district. As the state notes, the act defines "community" in terms of a judicial district. See Tenn. Code Ann. § 40-36-102(4). However, many of the goals of the act are met by allowing a defendant to serve a community corrections sentence in the defendant's county of

residence, which has a program willing to supervise the defendant. Although such a sentence does not directly benefit the sentencing judicial district, it certainly benefits the defendant's community, fills gaps in local correctional systems, reduces prison overcrowding, and provides opportunities for the defendant to become a contributing member of the defendant's own community.

The state seeks to analogize community corrections to work release and parole, but Tennessee courts have recognized that community corrections is more similar to probation. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (holding that a community corrections sentence and probation "are sufficiently similar in nature" to have the same standard of review for revocation purposes); Bentley v. State, 938 S.W.2d 706, 714 (Tenn. Crim. App. 1996) (holding that similarities between a community corrections sentence and probation justify using similar revocation procedures). As the defendant has noted, the trial court has not ceded jurisdiction to Roane County.

As the state points out, Tenn. Code Ann. § 40-35-309 allows a sentencing court to place the defendant on probation under the supervision of probation personnel in another judicial district in which the defendant resides. However, the state fails to note that participation in a community corrections program may be a condition of probation. See Tenn. Code Ann. § 40-36-106(f). It makes no sense to allow the sentencing court to retain jurisdiction over the defendant who is in a community corrections program in another judicial district as a condition of probation while prohibiting the defendant from entering the same community corrections program under a community corrections sentence when the program is able to accept supervision of the defendant. We hold that a trial court without a community corrections program in its district has the authority to impose a community corrections sentence to be served in a

defendant's home judicial district whose community corrections program agrees to accept supervision responsibility.

Based on the foregoing and the record as a whole, we affirm the judgment of conviction.

_____

                              Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
William M. Barker, Special Judge