IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2015

**STATE OF TENNESSEE v. DECORNICK MOORE**

**Appeal from the Circuit Court for Haywood County**
**No. 5153-B    Clayburn L. Peeples, Judge**

**No. W2015-00169-CCA-R3-CD  -  Filed August 26, 2015**

The Defendant, Decornick Moore, pleaded guilty to attempt to commit second degree murder and received a ten-year sentence.  More than ten years later, the Defendant filed a motion pursuant to Tennessee Criminal Procedure Rule 36.1 requesting that the trial court correct an illegal sentence because his sentence should have been served consecutively to a previously imposed sentence.  The trial court summarily dismissed the motion for failure to state a colorable claim.  On appeal, he contends that the trial court erred in dismissing his motion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Decornick Moore, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; and Garry Brown, District Attorney General, Jerald M. Campbell, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2003, the Defendant and his codefendant were indicted for attempt to commit first degree murder and especially aggravated burglary.  On May 26, 2004, the Defendant pleaded guilty pursuant to a negotiated agreement to attempt to commit second degree murder in exchange for a ten-year sentence and a dismissal of the burglary-related charge.

On September 25, 2014, the Defendant filed a motion to correct an illegal sentence. In the motion, the Defendant stated that on January 27, 2003, he pleaded guilty in Madison County case number 02-632 to a burglary-related offense, theft, and possession of burglary tools. He stated that he received an effective four-year sentence to be served on community corrections. The Defendant said that on August 13, 2003, two months after the trial court imposed sentencing, he was arrested in connection with the present case. He alleged that defense counsel advised him that the State would agree to concurrent sentences if he pleaded guilty. The Defendant argued that concurrent sentences violated Tennessee Code Annotated section 40-28-123 (2012) and Tennessee Criminal Procedure Rule 32(c)(3), which required consecutive service, and that he entered an involuntary and unknowing guilty plea because he was unaware the law required consecutive sentences.

The State responded to the Defendant's motion, arguing that the Defendant presented no evidence supporting his claim that he was serving a previously imposed sentence on community corrections at the time of the present case. Alternatively, the State argued that even if the Defendant's claim was accurate, his reliance on Code section 40-28-123 and Tennessee Criminal Procedure Rule 32(c)(3) was misplaced because he was not on parole at the time of the offenses. The State, likewise, treated the Defendant's motion as a petition for a writ of habeas corpus, arguing that the Defendant was not entitled to habeas corpus relief because the judgment was valid and because his sentence expired on May 26, 2014. The trial court summarily dismissed the Defendant's motion "for good cause shown." This appeal followed.

The Defendant contends that the trial court erred by summarily dismissing his motion for a corrected sentence. He argues that his concurrent sentences were in direct contravention of Tennessee Criminal Procedure Rule 32(c)(3)(A) and (D) and Tennessee Code Annotated section 40-28-123. He also argues that the trial court erred by treating his motion as a petition for habeas corpus relief. The State responds that the trial court properly denied the motion. We agree with the State.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

-2-

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

The record reflects that pursuant to a negotiated plea agreement, the Defendant pleaded guilty to attempt to commit second degree murder in exchange for a ten-year sentence. The plea agreement form and the judgment form do not reference the Madison County convictions and sentences. Although the State notes that the Defendant did not attach to his motion for a corrected sentence supporting documentation relative to his Madison County convictions, a defendant who seeks correction of an illegal sentence is not required to attach supporting documents to support a colorable claim. *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App. September 11, 2013); *see George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."). In any event, the record contains the State's notice of intent to impeach the Defendant at a trial with his previous convictions from Madison County, which was filed on October 31, 2003. The notice referenced the Defendant's previous convictions for burglary, theft, and possession of burglary tools and stated the conviction date for each offense was January 27, 2004. Although the notice does not state the length and manner of service of the sentences, the Defendant stated in his petition and in his appellate brief that he was sentenced to an effective four years to be served on community corrections.

The Defendant relies on Tennessee Criminal Procedure Rule 32(c)(3), which states, in relevant part,

> When a . . . defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:
>
> (A) to a sentence for a felony committed while on parole for a felony;
>
> . . .
>
> (D) for any other ground provided by law.

Tenn. R. Crim. P. 32(c)(3)(A), (D). The Defendant also relies on Tennessee Code Annotated section 40-28-123, which addresses the board of parole's authority relative to service of sentences when a defendant commits a felony while on parole. *See* T.C.A. § 40-28-123(a), (b)(1)-(2) (2012). The Defendant's reliance is misplaced.

The Defendant states in his brief that he pleaded guilty in Madison County and received a four-year sentence "in the Community Correction to a suspended sentence of four years" and that he committed the present offense while in the "Community Correction Program." Community corrections is a form of alternative sentencing, and it is distinct from release on parole. *See State v. Anderson*, 7 S.W.3d 100, 102 (Tenn. Crim. App. 1999) (stating that our appellate courts "have recognized that community corrections is more similar to probation" than work release and parole). A defendant serving a sentence on community corrections is not a prisoner within the meaning of Code section 40-28-123. As a result, Tennessee Criminal Procedure Rule 32(c)(3) and Code section 40-28-123 are inapplicable.

However, Tennessee Criminal Procedure Rule 32(c)(2)(A)(i) states, in relevant part, that

> [i]f the defendant has additional sentences not yet fully served as the result of convictions . . . in other courts of Tennessee and if this fact is made known to the court prior to sentencing, the court shall recite this fact in the judgment setting sentence, and the sentence imposed is deemed to be concurrent with the prior sentence . . . , unless it affirmatively appears that the new sentence being imposed is to be served consecutively to the prior sentence[.]

Although the judgment in the present case does not reference the Madison County convictions, the trial court was aware of the convictions prior to the Defendant's pleading guilty in the present case because the notice of impeachment appears in the record. As a result, the Defendant's ten-year sentence is deemed to be served concurrently with his effective four-year sentence in Madison County. Although a trial court may impose consecutive sentences for an offense committed while a defendant is serving a sentence on community corrections, consecutive service is not mandatory. *See* T.C.A. § 40-35-115 (2014); *see also State v. Pettus*, 986 S.W.2d 540, 544-45 (Tenn. 1999) (concluding that although a community corrections sentence cannot be imposed consecutively pursuant to Code section 40-35-115(6), nothing prevents a trial court from imposing consecutive sentences when the record supports consecutive sentences based on the other statutory factors). As a result, we conclude that the Defendant's concurrent sentences are not illegal and do not contravene any statute and that the Defendant has failed to state a colorable claim for relief.

Relative to the Defendant's contention that the trial court erred by treating his motion as a petition for a writ of habeas corpus, we conclude that no evidence reflects that the court treated the motion as a petition for habeas corpus relief. The State, as an alternative argument in its response to the Defendant's motion, addressed the Defendant's contentions in the context of habeas corpus relief. The court's order summarily dismissing the motion did not state the court's reasoning. In any event, the Defendant would not be entitled to habeas corpus relief because the judgment form reflects that his ten-year sentence expired before he filed his motion. *See* T.C.A. § 39-21-101 (2012); *see also Hickman v. State*, 153 S.W.3d 16, 22-24 (Tenn. 2004). We also note that the Defendant has not stated he is currently in confinement pursuant to the relevant convictions.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-5-