IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## STATE OF TENNESSEE v. NEIL M. FRIEDMAN

**Direct Appeal from the Criminal Court for Sullivan County
Nos. S44,421 & S44,422      Phyllis H. Miller, Judge**

---

**No. E2004-01198-CCA-R3-CD - May 2, 2005**

---

The appellant, Neil M. Friedman, pled guilty to misdemeanor assault and was sentenced to eleven months and twenty-nine days to be served on probation. While serving his sentence, the appellant pled guilty in the Sullivan County Criminal Court to aggravated assault and violating his probation. For the aggravated assault conviction, the trial court sentenced him to three years and granted his request for full probation. The trial court also revoked his misdemeanor probationary sentence and ordered him to serve his original sentence as ninety days in jail and the remainder on probation. Subsequently, a probation violation warrant was filed, and the trial court revoked probation and ordered the appellant to serve both sentences in confinement. On appeal, the appellant argues that the trial court did not have jurisdiction to revoke his misdemeanor probationary sentence because the sentence expired before the revocation warrant was issued. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court but remand for entry of a corrected judgment as to the aggravated assault.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and David G. Hayes, JJ., joined.

Clifton Corker, Johnson City, Tennessee, for the appellant, Neil M. Friedman.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Barry Staubus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On October 28, 1999, the appellant pled guilty in the general sessions court to misdemeanor assault. The trial court sentenced him to eleven months and twenty-nine days but suspended service of the sentence and placed him on probation. The record reflects that while the appellant was on probation, he was charged with aggravated assault. On September 5, 2001, he pled guilty in the Sullivan County Criminal Court to aggravated assault and violating his misdemeanor probation. For the aggravated assault conviction, the trial court sentenced him to three years to be served on probation. The trial court also revoked the appellant's probation for the misdemeanor assault conviction; ordered that he serve ninety days of the eleven-month, twenty-nine-day sentence in confinement with the remainder to be served on probation; and ordered that the revoked misdemeanor sentence be served consecutively to the new felony sentence. The record reflects that the appellant served ninety days in jail and was released on probation.

On February 21, 2003, a probation violation warrant was filed, alleging that the appellant had violated probation by committing domestic violence. The probation revocation hearing transcript is not in the record on appeal. However, an April 11, 2003, order states that the trial court revoked the appellant's probation in the felony and misdemeanor cases and that it ordered him to serve thirty days in jail and one year on intensive supervised probation. On February 23, 2004, a second probation violation warrant was filed, alleging that the appellant had violated his probation by testing positive for cocaine. At the probation revocation hearing, the appellant acknowledged that he had violated his three-year probationary sentence for the aggravated assault conviction. However, he argued that his misdemeanor assault sentence had expired before the probation violation warrant was filed. The trial court disagreed, revoked both of the appellant's probationary sentences, and ordered that he serve three years, eleven months, and twenty-nine days in confinement with credit for time served in jail.

## II. Analysis

The appellant claims the trial court was without jurisdiction to revoke his misdemeanor probation because that sentence had expired. He contends that on September 5, 2001, the trial court ordered him to serve his three-year felony probationary sentence consecutively to his revoked misdemeanor assault sentence and, therefore, that his misdemeanor sentence expired on September 4, 2002. In support of his argument, he notes that the judgment of conviction form for the aggravated assault conviction specifies that the felony sentence is to be served consecutively to the misdemeanor sentence. In addition, he claims that because the trial court ordered him to serve ninety days in jail for the misdemeanor revocation first, he had to complete his misdemeanor probationary sentence before he could begin serving the felony probationary sentence. The state contends that the trial court ordered the appellant to serve his revoked misdemeanor sentence consecutively to his three-year aggravated assault sentence, that the appellant had not yet begun serving probation for the revoked misdemeanor sentence, and that the trial court had jurisdiction to revoke both sentences and order the appellant to serve them in confinement. We agree with the State.

Initially, we note that while the judgment of conviction form for the aggravated assault conviction specifies that the three-year sentence is to run consecutively to the revoked misdemeanor

sentence, the trial court stated at the September 5, 2001, revocation hearing that the revoked misdemeanor sentence is to run consecutively to the three-year sentence "except for 90 days." As pointed out by the State, generally, when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls. See State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985).

It was within the trial court's discretion to order the appellant to serve the revoked misdemeanor probationary sentence consecutively to the new felony sentence. See Tenn. Code Ann. § 40-35-310(a). Moreover, this court has held that a trial court can order a sentence of confinement to run consecutively to a probationary sentence. See State v. Malone, 928 S.W.2d 41, 44 (Tenn. Crim. App. 1995). However, a defendant must serve the period of confinement first. See id. The probationary term resumes when the defendant completes the intervening custodial sentence. Id.; see State v. James Thomas Tyree, No. M1998-00401-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1206, at *6 n.2 (Nashville, Dec. 8, 1999) (noting that a trial court can order a custodial sentence to run consecutively to a probationary sentence and that the probationary sentence would "recommence upon completion of the custodial sentence") (emphasis added). In the present case, the trial court revoked the appellant's probation for the misdemeanor sentence and ordered a sentence of split confinement. We conclude that under Malone, the appellant was required to serve ninety days in jail for the misdemeanor probation revocation first. Upon completion of that period of confinement, he was to serve probation for the misdemeanor revocation consecutively to his three-year probationary sentence. The appellant had not completed either sentence when the probation violation warrants were filed on February 21, 2003, and February 24, 2004. Therefore, the trial court could revoke both sentences and order the appellant to serve the sentences in confinement.

### III. Conclusion

Finding no reversible error, we affirm the judgments of the trial court but remand for entry of a corrected judgment in case number S44,421, the aggravated assault, to reflect that the misdemeanor revocation is to be served consecutively to the aggravated assault sentence.

_____
NORMA McGEE OGLE, JUDGE