IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## STATE OF TENNESSEE v. DAVID JACOB RIGSBY

**Appeal from the Circuit Court for Humphreys County**
**No. 10713   Robert Burch, Judge**

_____

### No. M2005-00434-CCA-R3-CD - Filed February 1, 2006

_____

The defendant was charged with two counts of vehicular homicide and one count of driving under the influence.  He pled nolo contendere to one count of vehicular homicide.  The defendant was on probation for prior convictions at the time of his plea and sentencing.  A subsequent warrant for violation of probation was issued for his probationary sentence.  The trial court sentenced the defendant to six years on his vehicular homicide plea to run consecutively to his probationary terms.  On appeal, the defendant argues that the trial court should not have ordered the vehicular homicide sentence to be served consecutively to his probationary sentence.  We conclude that the trial court did not err, and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, David Jacob Rigsby.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Raymond Crouch, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On June 6, 2003, the defendant was involved in a traffic accident caused by his driving at a high rate of speed in hazardous conditions and having a blood alcohol level of .09.  The defendant and the victim, Billy Brewer, were ejected from the vehicle.  The victim died as a result of the accident.  On August 2, 2004, the Humphreys County Grand Jury indicted the defendant for two counts of vehicular homicide and one count of driving under the influence ("DUI"), first offense.  On December 9, 2004, the defendant pled nolo contendere to one count of vehicular homicide by

reckless operation of a motor vehicle. The trial court held a sentencing hearing on January 26, 2005. At the time of the sentencing hearing, the defendant was on probation for aggravated burglary and sale of cocaine. At the time of the sentencing hearing, a violation of probation warrant was pending on those charges. At the conclusion of the sentencing hearing, the trial court sentenced the defendant to six years to be served as a Range I Standard Offender. The trial court then ordered the vehicular homicide sentence to be served consecutively to the sentences for which the defendant was on probation. The defendant appeals the imposition of the trial court's sentence.

## ANALYSIS

The defendant's sole argument on appeal is whether the trial court erred in ordering his sentence to run consecutively to the sentences that had proceedings pending for violation of probation. The defendant argues that the trial court erred because the prior suspended sentences stemming from his probation are stayed until the defendant serves his six year sentence most recently imposed by the trial court. He does not challenge either the length of the sentence or the manner of service for his vehicular homicide sentence.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

The trial court made the following findings of fact:

> With regard to the fact that he is presently serving other sentences, was [sic] this sentences to be served consecutively or concurrently to those sentences, the Court finds as a finding of fact that this defendant is an offender whose record of criminal activity is extensive, an understatement if ever there was one.

> We have to remember that we've had some defendants that have had longer criminal histories; but they were older. They had more time. This gentleman is well on the way towards getting a significate [sic] criminal history; and second, that the offense was committed while the defendant was on probation.

As I have previously stated, I have considered and rejected the possibility of suspending this defendant [sic] sentence. It would be totally inappropriate to put him on probation because it has been tried before without success; and Mr. Flanagan has argued that since his probation violations are pending that we have to run this sentence consecutive to them because they have not been revoked yet. Well, I respectfully disagree. I can run this sentence consecutively, which I'm going to do, to his previous cases. The cases he is presently serving; and if they are not suspended, then or if they are not revoked then fine. It's consecutive to a suspended sentence. If they are revoked, then it will be run. Whenever that happens, that's for whoever hears that; and I'm of the opinion that the fact that action on the violation of probation hadn't been taken does not prevent me from running these sentences consecutively.

Therefore, the Court orders that the sentence be served consecutively to the sentences that he is presently serving.

As noted, the defendant was on probation and proceedings for a violation of probation for these sentences were pending at the time of sentencing. As we stated above, the defendant argues that the trial court did not have the authority to sentence the defendant to six years to be served consecutively to sentences for which he was on probation. He believes that his suspended sentences, which were the subject of the warrant for violation of probation, should have been stayed by the trial court sentencing him for his plea to vehicular homicide. The defendant relies upon State v. Malone, 928 S.W.2d 41 (Tenn. Crim. App. 1995), and State v. Neil M. Friedman, No. E2004-01198-CCA-R3-CD, 2005 WL 1021564 (Tenn. Crim. App. at Knoxville, May 2, 2005) to support his argument.

The appellant in Malone was sentenced to two years for case F-26102. All of this sentence was then suspended and the appellant was put on probation. Subsequent to case F-26102, the appellant was sentenced to six years incarceration for case F-26381. The trial court in the second case ordered that the six years incarceration be served consecutively to the two-year suspended sentence. The appellant served a portion of the sentence for F-26381 and was released on parole. Following his release, he was then convicted for two crimes and arrested for another. The trial court in case F-26102 revoked the appellant's probation due to the arrest and convictions which occurred after his release on parole. He then appealed to this Court. On appeal, the Court determined that the appellant's "probationary term commenced when his intervening sentences of incarceration were ordered consecutively to his suspended sentence." Malone, 928 S.W.2d at 44. This Court stated "[w]hen a trial judge . . . orders an intervening sentence of incarceration to run consecutively to a suspended sentence, we hold that the probationary term begins upon completion of the intervening custodial sentence and custodial sentence includes both confinement and parole." Id.

In Neil M. Friedman, the appellant pled guilty to misdemeanor assault. He was sentenced to eleven months and twenty-nine days which was ordered to be served on probation. While on

probation, the defendant pled guilty to aggravated assault and violating his probation. He was sentenced to three years probation for the aggravated assault. The trial court also revoked his probation for misdemeanor assault and ordered him to serve ninety days with the remainder on probation. The trial court ordered the misdemeanor sentence to be served consecutively to the felony sentence. Following this conviction, a probation violation warrant was later filed and the trial court revoked the appellant's probation for both sentences. The trial court then ordered the defendant to serve both sentences in incarceration. On appeal, this Court cited <u>Malone</u> and stated that a trial court may order a sentence of incarceration to be served consecutively to a sentence of probation. <u>Neil M. Friedman</u>, 2005WL 1021564, at *2. We then went on to state that in that case, the incarcerative sentence must be served first and the probationary term resumes after the defendant completes his incarceration. <u>Id.</u>

The defendant argues that these cases support his position that the trial court had no authority to impose his consecutive sentence because he had a pending warrant for violation of probation. However, we do not agree. Neither case supports the defendant's argument. At no point in either case did the trial court stay the appellant's suspended sentences so that the trial court could then order the appellants to begin serving their custodial sentence. In both <u>Malone</u> and <u>Friedman</u>, the trial court ordered a custodial sentence, probation was later revoked for the prior charges. There is no authority in either case for a trial court to stay a suspended sentence before the hearing on the probation violation is held.

In the case at hand, the defendant was on probation for unrelated charges. He pled <u>nolo contendere</u> to the charges at issue. A warrant for the violation of probation was issued and was pending before another judge. The trial court in which the defendant pled to vehicular homicide then ordered that his sentence be served consecutively to the prior probationary term. We do not have any record before us as to the disposition, if any, of the probation violation warrant. However, even if the defendant's probationary sentence remains in effect it does not begin to run until the six year term of incarceration in this case has expires. <u>See</u> <u>Malone</u> and <u>Friedman</u>. Thus, the trial court could properly order consecutive sentencing in this case and there is no need to stay the probationary sentence or revocation proceedings with respect to it.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE