IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2015

## JOHN A. BAILEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**Nos. 95-174, 95-370, 96-72, 96-73 & 96-168     Roy B. Morgan, Jr., Judge**

_____

**No. W2014-02499-CCA-R3-CD  -  Filed August 28, 2015**
_____

The Appellant, John A. Bailey, appeals as of right from the Madison County Criminal Court's denial of his two separate motions for correction of illegal sentences pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Appellant argues that the trial court erred by summarily denying his motions without appointing counsel after he had stated colorable claims for relief regarding the legality of the concurrent nature of his various sentences and his eligibility for community corrections and subsequent placement in that program. Following our review of the parties' briefs, the record, and the applicable law, we affirm the trial court's summary denial of the Appellant's Rule 36.1 motions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

John A. Bailey, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin E.D. Smith, Assistant Attorney General; James G. ("Jerry") Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On October 30, 2014, pursuant to Tennessee Rule of Criminal Procedure 36.1, the Appellant filed a motion to correct an illegal sentence that allegedly resulted from his

guilty-pleaded convictions in case numbers 95-174 and 95-370.[1]  According to the Appellant's motion, in case number 95-174, he was arrested and charged with reckless endangerment, unlawful possession of a firearm,[2] and illegal possession of a credit card on January 10, 1995.  He alleges that, while he was on bond in case number 95-174, he was arrested and charged with sale of cocaine, which formed the basis for case number 95-370.  The Appellant subsequently pled guilty in both cases on August 16, 1995.  He also refers to another drug charge elsewhere in his motion, stating that there were two charges for sale of cocaine included in this global plea agreement, although we cannot determine with any reasonable degree of certainty whether this charge was included in case number 95-174 or 95-370.[3]

In exchange for his guilty pleas, he received two six-year sentences for the sale of cocaine convictions, a two-year sentence for the reckless endangerment conviction, and an eleven-month and twenty-nine-day sentence for the illegal possession of a credit card conviction; all sentences were ordered to be served concurrently in the Community Corrections Program.  It appears that a revocation hearing on this effective six-year sentence took place on December 13, 1995, and that the Appellant's sentence was partially revoked and that he was ordered to participate in a year-long inpatient drug treatment program called "Teen Challenge" in Memphis.  He was to be returned to the Community Corrections Program following completion of that program.  However, the Appellant was in jail being held on other charges[4] and was unable to post bond; he was, therefore, never released for participation in that treatment program.

In his Rule 36.1 motion, the Appellant alleged that the concurrent sentences in cases 95-174 and 95-370 were illegal, being in violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail.  He also claimed that his sentence was illegal because he "could not be

---

[1] The record on appeal is sparse because the Petitioner did not include copies of the indictments, judgment forms, or guilty plea paperwork for any of the cases he is challenging.  Thus, we rely largely on the Petitioner's motions and the documentation he attached to his appellate brief to understand the factual history supporting the Petitioner's various cases and guilty pleas.  Although this court, generally, will not consider documents that were merely attached to appellate briefs, see Tennessee Rules Appellate Procedure 24, we do so here in an effort to better understand the pro se Appellant's arguments, many of which were not even addressed by the State or the trial court.  Moreover, as discussed later in this opinion, the attached documents, by themselves, do not provide any basis for relief.

[2] From the documentation submitted, it is not apparent from the record whether the Petitioner was actually charged or ultimately convicted of this offense.

[3] We will take the Petitioner at his word that there were two separate convictions.  However, the documentation attached to his brief does not necessarily support this assertion.

[4] Those other charges seemingly arise from case numbers 96-72, 96-73, and 96-168—the subject matter of his second Rule 36.1 motion.

placed on Community Corrections with a 'violent offense'" or for a felony offense involving use of a firearm under the provisions of Tennessee Code Annotated sections 40-36-102 and -106.

Also on October 30, 2014, the Appellant filed a second motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, this time challenging his allegedly illegal sentence that resulted from his guilty-pleaded convictions in case numbers 96-72, 96-73, and 96-168. According to this motion, the Appellant was arrested and charged, on November 29, 1995, with two counts of sale and delivery of cocaine, possession of cocaine with intent to deliver, possession of drug paraphernalia "with intent," possession of marijuana, and possession of a weapon. Although not entirely clear, these charges seem to comprise all three case numbers—96-72, 96-73, and 96-168.[5]

We discern from the record that he pled guilty, on September 17, 1996, to one count of possession with intent to deliver in case number 96-168 and to two counts of sale of cocaine in case numbers 96-72 and 96-73.[6] In exchange for his guilty pleas, he received three concurrent sentences of eight years for each drug offense to be served in the Department of Correction ("DOC") as a Range I, standard offender. This effective eight-year sentence was ordered to be served consecutively to the six-year community corrections sentence in case numbers 95-174 and 95-370, resulting in a total fourteen-year sentence.

In his Rule 36.1 motion governing these three cases, the Appellant alleged that alignment of his two global plea agreements was concurrent rather than consecutive. He then submitted that this resulted in an illegal sentence because he was sentenced for offenses in the second plea agreement committed while he was serving a suspended sentence under the first plea agreement, requiring mandatory consecutive service of the two global plea agreements by law. He also contended that his sentence was illegal because he "was advised to plead guilty under false pretenses[,]" reasoning that he "was advised not to worry about the consecutive [c]ommunity [c]orrections sentence because it had been set to the side by the rehab sentence, and that [he might be] eligible for early release." To support his assertion that his effective six-year and eight-year sentences

---

[5] His aforementioned six-year community corrections sentence was partially revoked based upon these new charges, failed drug screens, failure to report for a drug evaluation, failure to perform required community service, non-payment of costs, and absconding.

[6] From the documentation submitted, it is not apparent from the record whether the Appellant was actually charged or ultimately convicted of any of the additional offenses he listed. He states in his motion that he received three concurrent sentences of eleven months and twenty-nine days for the possession of drug paraphernalia "with intent," possession of marijuana, and possession of a weapon offenses.

were ordered to be served concurrently rather than consecutively, he relied upon a second revocation hearing on cases 95-174 and 95-370 that took place on December 3, 1996.[7]

At the December 3, 1996 hearing, the Appellant's case officer stated that the Appellant was then-imprisoned in the DOC on the effective eight-year sentence following his guilty pleas to cases 96-72, 96-73, and 96-168, despite the fact that the six-year community corrections sentence in case numbers 95-174 and 95-370 was first in time. The officer further testified that the plea agreement terms in cases 96-72, 96-73, and 96-168, included consecutive service of the two, separate global plea agreements. Although the plea agreement on the three new cases included as a term total revocation of the community corrections six-year sentence; according to the officer, that term was apparently left out of the plea agreement paperwork. The officer stated that he, therefore, returned to court, thus initiating this additional second revocation proceeding on that sentence, in order to have the community corrections sentence properly revoked. The officer clarified for the trial court that he was not seeking a new revocation and resentencing on the six-year sentence but, instead, a revocation of the terms of the December 13, 1995 order placing the Appellant in the Teen Challenge Program and replacing it with total revocation and incarceration. However, the trial court disagreed with the officer's assessment and refused to revoke the six-year sentence because no new violations had been alleged by the officer that had not already been addressed by the court at the prior December 13, 1995 hearing.

After the trial court stated its decision not to revoke the six-year sentence, the assistant district attorney general then opined, "[I]f Your Honor doesn't revoke him on the six-year sentence that he has in [c]ommunity [c]orrections, he'll be on [c]ommunity [c]orrections and parole at the same time. If he's revoked on his current charges, he comes out on parole when he comes out of DOC; one officer, one parole, everything is one thing." The Appellant's case officer further stated, "Your Honor, upon completion of this sentence with the [DOC], as I understand state law, it's illegal for him to be on . . . dual supervision[.]" The trial court then stated that it was "tak[ing] him off [c]ommunity [c]orrections" on the six-year sentence, and that ended the hearing. It appears from the Appellant's brief, that the State appealed the trial court's decision not to revoke but later moved for voluntary dismissal of the appeal "so that an order directing the method of service for [the Appellant's] six[-]year sentence may be entered by the trial court."[8]

---

[7] He attached a transcript of this hearing to his appellate brief.

[8] We have not been provided with any orders of the trial court reflecting what occurred thereafter. A June 30, 2000 letter from an assistant district attorney general, which is attached to the Appellant's brief, confirms that service of the Appellant's six-year sentence was transferred to probation following the trial court's ruling "tak[ing] him off [c]ommunity [c]orrections."

Relying upon this hearing, the Appellant, in his Rule 36.1 motion, asserted that the trial judge "did not want to place more time on [the Appellant] and assumed upon release from [the DOC] the sentences would merge." Therefore, according to the Appellant, his six-year and eight-year sentences were not ordered to be served consecutively, but concurrently by operation of the trial court's ruling at the December 3, 1996 hearing, in direct contravention of the applicable law, citing to Tennessee Code Annotated sections 40-20-110, -20-204, -20-206, -35-103, -35-310, -35-311, -35-210, -35-501, and -36-106, and Tennessee Rule of Criminal Procedure 32(c). He submitted that "the first sentences must [have been] fully served before [he] would have been eligible for parole on the next sentences" and that the trial court had no authority to sentence him to dual supervision following his release from the DOC on parole. The Appellant then requested that he be allowed to withdraw both of his global plea agreements.

The State filed responses to both of the Appellant's motions on December 3, 2014. On that same date, the trial court entered an "Order Dismissing Motion for Corrected Judgment" in case number 95-174, relying on the reasoning provided in the State's response:

> The motion is a nullity in that the issue complained of by the movant relates to a plea agreement in which the sentence in the above referenced case was run concurrent to the sentence in 95-370. Madison County case # 95-370 was set aside and the case dismissed by agreed order in which the [Appellant] through counsel entered an agreement with the State to vacate the judgment in 95-370 and the indictment was dismissed.
> The remaining sentence is valid as it is not concurrent to any charge in 95-370 which has been vacated and dismissed.

The referenced agreed order was attached to the State's response. An "Agreed Order Granting [Appellant's] Motion to Correct an Illegal Sentence" was entered by the trial court on October 20, 2014.[9] In that order, the trial court states,

> This matter came to be heard [o]n this the 14th day of October, 2014, . . . upon motion of the [Appellant] . . . to [c]orrect [i]llegal [s]entences. After reviewing the motion and hearing statements of counsel for the parties, and the record as a whole, it appears to the [c]ourt that the [Appellant] has had the benefit of appointed counsel and that the parties have agreed to set aside the guilty plea and vacate the judgments in Madison County Circuit Court docket number 95-370 pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.

---

[9] We note that the Appellant's Rule 36.1 motion in the technical record was filed ten days after this agreed order was entered, although clearly a motion of some sort had been previously filed.

The trial court then ordered that the guilty pleas and judgments in case number 95-370 be set aside and vacated and the underlying indictment dismissed. This order was signed by all parties.

Regarding the Appellant's second Rule 36.1 motion, the trial court likewise entered an "Order Dismissing Motion for Corrected Judgment" in case numbers 96-72, 96-73, and 96-168 on December 3, 2014, again relying on the rationale provided by the State in its response. In the order, the trial court framed the issue as "[t]he movant contends that his sentences should have been mandatorily consecutive because he had prior unfinished felony sentences and cites [R]ule 32(c)(3)(C)[10] as authority for that contention." The trial court then ruled,

> Rule 32(c) makes sentencing for prior un-served felony sentences discretionary with the [c]ourt even when the defendant is serving a community corrections sentence. See State v. [Phil] Wilkerson, [No. 03C01-9708-CR-00336, 1998 WL 379980 (Tenn. Crim. App. July 9, 1998)]. . . . Because [R]ule 32 does not require consecutive sentences to a person who is on community corrections and commits new felonies the motion fails to state a claim that the sentence is void due to any violation of any rule or state requiring mandatory consecutive sentences.

This appeal followed.[11]

## ANALYSIS

The Appellant now appeals, contending that the trial court erred in summarily denying his motions. Specifically, he argues that his motions stated colorable claims of an illegal sentence and that he should have been appointed counsel and given a hearing on the motions. The State only addresses the Appellant's first Rule 36.1 motion, arguing that the Appellant failed to state a colorable claim because he "entered into an agreed order with the State wherein his guilty plea and resulting judgment for sale of cocaine" in case number 95-370 were vacated and his remaining sentences in case number 95-174

---

[10] Although the trial court was correct that the Appellant cited to Rule 32(c)(3)(C), the Appellant set forth no specific allegation in that regard in his second motion, i.e., he made no assertion that he was on bail for one offense when he committed any of the additional offenses.

[11] These motions, and the trial court's dispositions thereon, have never been consolidated in any official capacity. The trial court addressed each motion separately below. However, only one notice of appeal was filed, which included all cases numbers except 95-370 that had been vacated and dismissed, and only one trial court record was filed in this court. Because these motions involve a common question of law and common facts are involved, consolidation is appropriate under these circumstances. See Tenn. R. App. P. 16(b).

"were not run concurrently with any sentence for crimes committed while released on bail." The State does not address the Appellant's second Rule 36.1 motion.

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1, which provides as follows:

> (a) Either the defendant or the state may, <u>at any time</u>, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. <u>If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.</u> The adverse party shall have thirty days within which to file a written response to the motion, <u>after which the court shall hold a hearing on the motion</u>, unless all parties waive the hearing.

(Emphases added).

A Rule 36.1 motion provides defendants with a remedy separate and distinct from habeas corpus or post-conviction proceedings. See <u>State v. Jonathan T. Deal</u>, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." <u>State v. Donald Terrell</u>, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014); <u>but cf.</u> <u>State v. Adrian R. Brown</u>, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014) (affirming the trial court's summary denial on the basis of the mootness doctrine), <u>perm. app. granted</u> (Tenn. May 15, 2015).[12] As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. See <u>State v. Robert B. Ledford</u>, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2 (Tenn. Crim. App. Feb. 23, 2015), <u>perm. app. denied</u> (Tenn. June 12, 2015). This court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief[.]" <u>State v. David Morrow</u>, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (alterations in original) (footnote and additional citation omitted).

---

[12] The Appellant in this case is currently in federal custody and appears to have completed service of his sentences in these cases.

We note, too, that Rule 36.1 is more lenient than prior avenues for post-conviction relief in that Rule 36.1 only requires a claimant to state a colorable claim and does not require proof on the face of the record from supporting documents. See George William Brady v. State, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."), perm. app. denied (Tenn. May 28, 2014). We will take each of the Appellant's Rule 36.1 motions in turn.

*I. First Motion – Case Numbers 95-174 and 95-370*

On appeal, the Appellant again alleges that his concurrent sentences pursuant to the global agreement in case numbers 95-174 and 95-370 were illegal, in direct violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), because he was released on bail for the offenses in case number 95-174 when he committed the offenses in case number 95-370.[13] We agree with the State that the issue of an illegal sentence upon this basis was rendered "a nullity" when, by agreed order dated October 20, 2014, the guilty pleas and judgments in case number 95-370 were set aside and vacated and the underlying indictment dismissed. Thus, the remaining sentences for reckless endangerment, unlawful possession of a firearm, and illegal possession of a credit card were no longer run concurrently to any charge in case number 95-370.[14] Given the respective dates of filing, as noted previously, this agreed order appeared to be in response to a prior Rule 36.1 motion to correct an illegal sentence filed by the Appellant.[15] We further note that this disposition of the Appellant's previously-filed Rule 36.1 motion occurred with the representation of counsel, a hearing was held, and the order was signed by all parties.

However, the crux of the Appellant's argument on appeal is that he was not eligible for participation in the Community Corrections Program because he was sentenced for a violent offense and a crime involving the use of a firearm and that his sentence to that program was, therefore, illegal in direct contravention of Tennessee Code Annotated section 40-36-106(a). There are two types of illegal sentences: (1) those in direct contravention of an applicable statute and (2) those not authorized by the

---

[13] Despite the fact that this case was not included in the notice of appeal, the trial court's collective ruling addressed both cases and both parties treated the case as an appeal of both cases. Accordingly, we conclude that the interests of justice justify waiving filing of notice of appeal relative to the omitted case number. See State v. Vigil, 65 S.W.3d 26, 31-32 (Tenn. Crim. App. 2001) (citing Tenn. R. App. P. Rule 4(a)).

[14] We again note that we are unsure from the record provided precisely all of the convictions which remained in case number 95-174.

[15] Nothing in the Rule prohibits the filing of one more than motion.

applicable statutes. See Cantrell v. Easterling, 346 S.W.3d 445 (Tenn. 2011); Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). When a defendant does not meet the definition of an eligible offender for placement in the Community Corrections Program under section 40-36-106(a), but is nonetheless sentenced to community corrections, this court has held that to be an illegal sentence. See, e.g., State v. Charles Bradford Stewart, No. M2010-01948-CCA-R3-CD, 2011 WL 4794942, at *3 (Tenn. Crim. App. Oct. 11, 2011) (concluding that the trial court imposed an illegal sentence where the appellant was ineligible for the alternative sentence of community corrections because he was convicted of a "crime against the person"); State v. Marvin Bobby Parker, No. M2009-02448-CCA-R3-CD, 2011 WL 51734, at *24 (Tenn. Crim. App. Jan. 6, 2011) (also concluding that the trial court imposed an illegal sentence where the appellant was ineligible for the alternative sentence of community corrections because he was convicted of a "crime against the person"); State v. Billy Wayne Moore, No. W1998-00029-CCA-R3-CD, 2000 WL 204967, at *2 (Tenn. Crim. App. Feb. 10, 2000) (holding that a ten-year community corrections sentence for aggravated assault was clearly an illegal sentence because a ten-year sentence was ineligible for probation at that time, and an illegal sentence was subject to correction at any time). Although this matter is an appeal from the summary denial of a Rule 36.1 motion, not a direct appeal of the sentences imposed, an illegal sentence may be corrected at any time pursuant to Rule 36.1.

It is clear from the record that the Appellant was convicted of reckless endangerment in case number 95-174. A person commits reckless endangerment "who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury." Tenn. Code Ann. § 39-13-103(a). This qualifies as a violent offense excluding one from participation in the Community Corrections Program. See Tenn. Code Ann. § 40-36-102(11), -106(a)(1); see also State v. Courtney Eugene Dukes, No. E2014-00154-CCA-R3-CD, 2014 WL 5798518, at *4 (Tenn. Crim. App. Nov. 7, 2014). The Appellant further asserts in his motion that he was charged with and convicted of unlawful possession of a firearm in case number 95-174. We can deduce from the record that the Appellant's reckless endangerment conviction involved the use of a deadly weapon because his two-year sentence for this conviction reflects a Class E felony sentencing range. See Tenn. Code Ann. §§ 39-13-103(b), 40-35-112(a)(5). Possession or use of weapon during the commission of these offenses would likewise make him ineligible for the Community Corrections Program. See Tenn. Code Ann. § 40-36-106(a)(1).

Accordingly, taking the Appellant's allegations as true and in the light most favorable to him, he was not an eligible offender for participation in the Community Corrections Program under 40-36-106(a). Moreover, there is no indication from the record as it stands before us that the trial court made any findings that the Appellant was eligible for community corrections under the "special needs" exception for alcohol, drug

or mental health issues.  See Tenn. Code Ann. § 40-36-106(c).  A defendant convicted of a violent offense or an offense involving a weapon may be eligible for a community corrections sentence if he or she is a person "who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution."  State v. James Johnson, No. W2010-01674-CCA-R3-CD, 2011 WL 3630149, at *4 (Tenn. Crim. App. Aug. 18, 2011) (quoting Tenn. Code Ann. § 40-36-106(c)); see also State v. Antonio Huntsman, No. W2002-00708-CCA-R3-CD, 2003 WL 21729420, at *9 (Tenn. Crim. App. July 25, 2003).  This section was arguably applicable to the Appellant; however, we cannot conclude, due to the absence of any evidence of such in the record, that the trial court sentencing the Appellant found he qualified for community corrections under the special needs provision.

Regardless of whether the Appellant's community corrections sentence was authorized by the applicable statute, the trial court terminated the Appellant from the Community Corrections Program and placed him on probation for the remainder of his sentence at the December 3, 1996 hearing.  Tennessee Code Annotated section 40-36-106(e) reflects "the policy that the sentencing of a defendant to a community based alternative to incarceration is not final but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society and allows the court to monitor the defendant's conduct while in the [C]ommunity [C]orrections program."  State v. Griffith, 787 S.W.2d 340, 341-42 (Tenn. 2000).  Moreover, "a defendant sentenced under the Act has no legitimate expectation of finality in the severity of the sentence[.]"  Id. at 342.  Here, a less severe manner of service, probation, was substituted.  Accordingly, we hold that the trial court's ruling changing the manner of service operated to cure the illegality of that component of the sentence.  See May v. Carlton, 245 S.W.3d 340, 345 (Tenn. 2008).  The Appellant has, therefore, failed to state a colorable claim for relief under Rule 36.1 regarding cases 95-174 and 95-370, even if all of his allegations are taken as true and viewed in the light most favorable to him.  Summary denial of this motion was proper.

*II. Second Motion – Case Numbers 96-72, 96-73, and 96-168*

On appeal, the Appellant, by and large,[16] submits that his sentences are illegal because the law "requires the trial court to impose consecutive sentences on a defendant convicted of a crime while he is on probation for another offense," and because "the trial court is without jurisdiction or authority to enter a judgment against a defendant for dual supervision of parole and probation sentences."  Again, the Appellant is relying upon the December 3, 1996 hearing where the trial court stated that it was "tak[ing] [the

---

[16] We will address all of the Appellant's allegations made in this second motion.  They were all arguably raised by the motion although the trial court only addressed one issue in its order summarily denying the motion.

Appellant] off [c]ommunity [c]orrections" in order to avoid dual supervision by the DOC following his release on the eight-year sentence and by the Community Corrections Program on the six-year sentence. His argument is premised on the same allegation set forth in the motion: that the trial judge "did not want to place more time on [the Appellant] and assumed upon release from [the DOC] the sentences would merge."

The Appellant first vaguely argues that the State, in order to induce him to plead guilty, promised him "that the first sentence was inactive, and that early release was available pursuant to [Tennessee Code Annotated section] 40-20-206; knowing the first sentence had not been fully satisfied in return for his admission of guilt." As phrased in his motion, he asserts that his sentence was illegal because he "was advised to plead guilty under false pretenses." As we understand this argument, the Appellant's argument is, essentially, that he was promised concurrent sentencing of the two global plea agreements, and said promise was not fulfilled, rendering his pleas unknowing and involuntary in case numbers 96-72, 96-73, and 96-168. We first note that a challenge to the voluntary or knowing entry of a guilty plea is not within the purview of Tennessee Rule of Criminal Procedure 36.1. See Ledford, 2015 WL 757807, at *3. Moreover, the transcript of the December 3, 1996 hearing does not support the Appellant's assertion. It was clear from the case officer's testimony that the Appellant agreed to consecutive sentencing of the two global plea agreements; in fact, testimony from the officer clearly indicates that the Appellant also agreed to total revocation of the six-year sentence, which would have resulted in a total effective sentence of fourteen years' incarceration. The Appellant received the benefit of this information being omitted from the plea paperwork in these cases and of the trial court's refusal, thereafter, to revoke the six-year sentence despite it being a term of the plea agreement. This argument does not provide the Appellant with any relief via Rule 36.1.

As to his next challenge to these sentences, the Appellant contends that his six-year and eight-year sentences were not ordered to be served consecutively in direct contravention of the applicable law requiring consecutive sentencing when "a defendant [is] convicted of a crime while he is on probation for another offense," citing Tennessee Code Annotated sections 40-35-115(b),[17] and -310[18] and Tennessee Rule of Criminal

---

[17] Section 40-35-115(b)(6) provides that "[t]he court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." (Emphasis added).

[18] Tennessee Code Annotated section 40-35-310(a) provides, in pertinent part,

> [I]n any case of revocation of suspension on account of conduct by the defendant that has resulted in a judgment of conviction against the defendant during the defendant's period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence that was imposed upon the conviction.

Procedure 32(c). The trial court found this ground to be without merit, and we agree with that rationale.

Initially, as noted above, the transcript of the December 3, 1996 hearing provided by the Appellant does not support his assertion that the two sentences from the global plea agreements were "merged" but instead makes it clear that the sentences were ordered to be served consecutively to one another pursuant to the terms of the Appellant's plea agreement in case numbers 96-72, 96-73, and 96-168. Moreover, the Appellant was on community corrections, not probation, at the time he was convicted of the new offenses, and only later transferred to probation. Our supreme court, in State v. Pettus, has clarified that "the legislature did not intend a community corrections sentence and a probation sentence to be equivalents for purposes of consecutive sentencing under Tenn[essee] Code Ann[otated section] 40-35-115(b)(6)." 986 S.W.2d 540, 544 (Tenn. 1999). Accordingly, a trial court may not order a new sentence to be served consecutively to a prior sentence only on the basis that the prior sentence was being served on community corrections. Id. at 544-45. Finally, even though the Appellant was subsequently transferred to probation by the trial court's ruling at the December 3, 1996 hearing, consecutive sentencing remained discretionary under Tennessee Code Annotated sections 40-35-115(b) and -310, and Tennessee Rule of Criminal Procedure 32(c) for prior un-served felony offenses and subsequent offenses committed while on that probation. See State v. Antonio Williams a.k.a. Antwoin Williams, No. W2014-02108-CCA-R3-CD, 2015 WL 3407472, at *2 (Tenn. Crim. App. May 28, 2015); Frederick O. Edwards, No. W2014-01463-CCA-R3-CO, 2014 WL 7432166, at *2-3 (Tenn. Crim. App. Dec. 30, 2014) (explaining that consecutive sentencing is permissive, not mandatory, when a defendant commits a felony offense while on probation).

The Appellant also contends that his concurrent sentences were imposed in direct contravention of Tennessee Code Annotated section 40-35-210, which contains mandatory language requiring the court to consider certain criteria when determining an appropriate sentence.[19] First, we again state our disagreement with the assertion that the trial court "merged" the Appellant's respective global plea agreement sentences on December 3, 1996, and moreover, we note that consecutive service of the Appellant's respective global plea agreement sentences was agreed upon, with nothing left for the trial court to determine. Additionally, section 40-35-210 does not mandate a certain outcome—it merely sets forth guidelines for the trial court to follow during the sentencing phase and is, therefore, not dispositive of the issue in the instant case. See Edwards, 2014 WL 7432166, at *3.

---

[19] Subsection (b) states that "[t]o determine the specific sentence and the appropriate combination of sentencing alternatives that shall be imposed on the defendant, the court shall consider the following . . . . " Tenn. Code Ann. § 40-35-210(b) (emphasis added). The statute then lists applicable criteria for the court to consider.

We turn to the Appellant's final contention—that "the first <u>sentence imposed</u> would have to be <u>satisfied</u> before a person is eligible for a <u>new release</u>[,]" and that the trial court had no authority to sentence him to dual supervision following his release from the DOC on parole. Initially, the Appellant cites to Tennessee Code Annotated section 40-28-123 in support of his assertion that the six-year sentence must be fully served first. However, that section deals with felonies committed while on parole, which is inapplicable under the facts of the Appellant's cases.

The Appellant also contends that a "dual supervision situation" is illegal. However, the transcript of the December 3, 1996 hearing does not support the Defendant's allegation that he was released to dual supervision following his release from the DOC on parole. As discussed above, the two sentences from the separate global agreements were ordered to be served consecutively by the trial court pursuant to the agreement between the parties. The trial court's ruling "tak[ing the Appellant] off [c]ommunity [c]orrections" did not impact consecutive service of the sentences. Contrary to the Appellant's assertion, the trial court did have the authority to run the eight-year sentence consecutively to the six-year suspended sentence previously imposed. See <u>State v. Malone</u>, 928 S.W.2d 41, 44 (Tenn. Crim. App. 1995). Furthermore, under <u>Malone</u>, the effect of the eight-year consecutive sentence was a stay of the six-year suspended sentence, which would not recommence until completion of the custodial sentence, including both incarceration and parole. <u>Id.</u>; <u>see also</u> <u>State v. Neil M. Friedman</u>, No. E2004-01198-CCA-R3-CD, 2005 WL 1021564, at *2 (Tenn. Crim. App. May 2, 2005). Such is precisely what the trial court effectuated here by its ruling on December 3, 1996.

Accordingly, even taking all of the Appellant's allegations as true and in the light most favorable to him, we cannot conclude that the Appellant's sentences in case numbers 96-72, 96-73, and 96-168 are illegal pursuant to Rule 36.1. Because he has failed to state a colorable claim for relief, the trial court did not err by summarily denying relief on the Appellant's Rule 36.1 motion regarding these three cases and his resulting effective eight-year sentence.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court summarily denying the Appellant's Rule 36.1 motions is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE